[Filed November 15, 1887.]

## MOSES S. PIKE, APPELLANT, v. T. KENNEDY ET AL., RESPONDENTS.

PUBLICATION OF SUMMONS.— Where the facts alleged in the affidavit show that the realty mortgaged was situated within the State, and that the suit to foreclose the lien upon it was brought by the parties to whom the mortgage was originally given against *those only* who gave it, and no third person being disclosed as a party by virtue of ownership of the *res*, subject to the mortgage, it necessarily appeared by such facts that the defendants Pike and wife still owned said realty when the foreclosure suit was instituted, and when the affidavit for the order was made. *Held*, that the facts alleged were sufficient to sustain the order for publication in a collateral proceeding.

DUE DILIGENCE— WHEN SHOWN.— An affidavit "that said defendants reside at Walla Walla, W. T., which is their postoffice address, that personal service cannot be made upon said defendants for the reason that they have departed from the State, and remained absent therefrom for more than six consecutive weeks, and now reside at Walla Walla," is sufficient to establish, in a collateral proceeding, that defendants after due diligence cannot be found within the State, under the requirements of section 56 of Hill's Code.

APPEAL from Multnomah County.    Affirmed.

*W. Scott Beebe,* and *Williams & Williams,* for Appellant.

The affidavit does not show that defendants in the foreclosure suit had any property in the State.   (Code, p. 116, § 55, subd. 3; *Spies* v. *Halstead,* 71 N. C. 209; *Wimer* v. *Fitzgerald,* 19 Wis. 396; Code, § 506, p. 213.)

It does not appear from said affidavit that defendants could not be found within the State, or that any effort whatever had been made to find them, or ascertain their whereabouts, or where they were at the time the affidavit for the order of publication was made.   (Code, p. 116, § 55; *Carleton* v. *Carleton,* 85 N. Y. 313; *Rickertson* v. *Rickertson,* 26 Cal. 149; ·*Forbes* v. *Hyde,* 31 Cal. 350; *Thompson* v. *Judge,* 54 Mich. 236; *Kennedy* v. *Trust Co.* 32 Hun, 35; *McKubin* v. *Smith,* 5 Minn. 297; *Neff* v. *Pennoyer,* 3 Sawy. 298; *O'Dell* v. *Campbell,* 9 Or. 298; *Trullinger* v. *Todd,* 5 Or. 36; *Mining Co.* v. *Court,* 18 Nev. 21; *Swain* v. *Chase,* 12 Cal. 285; *Wortman* v. *Wortman,* 17 Abb. Pr. 70; *Easterbrook* v. *Easterbrook,* 64 Barb. 421.)

*Dolph, Bellinger, Mallory & Simon,* and *Gearin & Gilbert,* for Respondents.

LORD, C. J.— This was an action in ejectment to recover lot 8, in block 183, in Couch's addition to the city of Portland, Oregon.   The plaintiff bases his right to recover upon the invalidity of certain proceedings in a foreclosure suit, which, he claims, rendered the decree therein void.   That suit was for a foreclosure of a mortgage executed by the plaintiff Pike and his wife to Klosterman Brothers, upon the property sought to be recovered in this action.   It is admitted that if the decree is void, the title to the land in controversy never passed out of the plaintiff by force of that proceeding, and that he is entitled to recover in the present action.

The invalidity insisted upon arises out of an order for the publication of a summons, and the specific objections are: (1) That it does not appear from the affidavit upon which the order of publication was based that the defendants had any property in

the State of Oregon. The provisions of the Code as to this requirement are found in section 55, subdivision 3, and section 56 of Deady's Code. The affidavit shows that the plaintiff Pike and his wife, to secure the payment of a certain note, particularly described, executed a mortgage to Klosterman Brothers upon "lot 8, in block 183, in Couch's addition to the city of Portland, in Multnomah County, Oregon," the property described in, and for which the present action is brought. These facts show, so to speak, by the mouths of Pike,and wife, as alleged in the affidavit, that they did have property in the State, and had voluntarily created a lien upon it, and they agreed that if the debt secured by the mortgage was not paid when due, that the realty described might be sold in discharge of the indebtedness. In *Belmont* v. *Cornen*, 82 N. Y. 257, the affidavit for an order of publication in a foreclosure suit, as here, was as follows: "That this action is brought to· foreclose a mortgage made and executed by the said defendants, Peter P. Cornen and Lydia, his wife, to the said plaintiff, to secure the sum of sixty thousand dollars, with interest, on real property in the city and county of New York, in this State." The facts alleged in the affidavit show that the realty mortgaged was situated within the State, and that the suit to foreclose the lien upon it was brought by the parties to whom the mortgage was originally given against *those only* who gave it — by Klosterman Brothers as plaintiffs and mortgagees against Pike and wife as defendants and mortgagors — and as no third person was disclosed as a party by virtue of ownership of the *res* subject to the mortgage, it necessarily appeared by the facts alleged in the affidavit that the defendants Pike and wife still owned· the realty within the State, which they had mortgaged to the plaintiffs Klosterman Brothers, when the foreclosure suit was instituted, and when the affidavit for the order was made. (2) The second objection is more serious and difficult of disposal. It is, in effect, that it does not appear from the affidavit that the defendants could not be found within the State, or that any diligence had been used to ascertain their whereabouts, or where they were at the time the affidavit for the order of publication was made.

Our Code provides that "when service of the summons cannot be made, as prescribed in the last preceding section, and the defendant, after due diligence, cannot be found within the State, and when that fact appears by affidavit to the satisfaction of the court or judge thereof, . . . . such court or judge thereof shall grant an order that the service be made by publication of a summons, in either of the following cases: (3) When the defendant is not a resident of the State," etc. (Deady's Code, p. 116, § 55.) This provision is like section 139 of the New York Code, from which it was taken. The construction of this provision of our Code has been the subject of much judicial discussion, and its meaning is not clearly expressed.

In an early case (*Vernan* v. *Holbrook*, 5 How. Pr. 4), Parker, J., said: "The proceeding is authorized, when it shall appear that the defendant, after due diligence, cannot be found within this State. The meaning of this section is not clearly expressed, but I do not think it was intended that an attempt must be first made to serve process where the defendant is a non-resident. The fact of non-residence is evidence that the defendant could not, after due diligence, be found within the State; and so it was held in *Rawdon* v. *Corbin*, 3 How. Pr. 416." But in *Wortman* v. *Wortman*, 17 Abb. Pr. 70, it was held that the fact of non-residence of the defendant is insufficient to authorize an order for the publication of a summons, Sutherland, J., saying "that it must appear by affidavit, to the satisfaction of the court or judge, that the person on whom the service of the summons is to be made cannot, after due diligence, be found within the State; for the section of the Code containing such requirement assumes that, though the defendant be a non-resident, yet that, perhaps, he may be found within the State, and plainly contemplates that some effort shall be made to find and serve the defendant within the State, though he or she be a non-resident." This case decides specifically that non-residence of the defendant is insufficient, and does not dispense with effort to find the defendant within the State, and the later decisions adhere to this conclusion.

In *Carleton* v. *Carleton*, 85 N. Y. 314, the affidavit for an order of publication was as follows: "The defendant has not

resided within the State of New York since March, 1887, and deponent is informed and believes that the defendant is now a resident of San Francisco, Cal." And the court, by Miller, J., said: "The appeal presented involves the question whether an affidavit showing non-residence, without proof where the defendant actually was at the time, makes out a case within the provisions of section 139, therein cited. The affidavit states that the defendant has not resided in the State for some time, and on information and belief, where he does reside. There is no statement, however, that due diligence has been used, or that any effort whatever has been made to find him, and that he cannot be found within the State. It is a simple allegation of non-residence, from which fact the court is asked to infer that due diligence had been used. The Code evidently meant to require proof that defendant could not be found after due diligence." He then proceeds to remark that the proof furnished does not establish such diligence; that it is a well-known fact that many persons who are residents of one State have places of business in another, and that they are frequently in the latter State, pass most of their time there, and could be readily found, if due diligence was used for that purpose; that non-residence of itself is not a sufficient ground for granting the order, and that, therefore, the proof of the first alone furnishes no sufficient reason for the judicial conclusion, that due diligence had been employed to find the defendant within the State. Judge Miller then proceeds to make this distinction: "Cases," he says, "may arise where the proof of residence in the distant State at the very time, and of an absolute location there, would be so strong and conclusive as to render it entirely apparent that no act of diligence would be of any avail; and if the affidavit here had stated positively and distinctly that the defendant was at the time not only a resident of the State of California, *but was then actually living in that State*, there would be ground for claiming that due diligence would be unavailing. But the affidavit is not specific and certain as to the fact that the defendant ever, although a non-resident, might not be found within the State by the use of due diligence, and hence was sufficient to confer jurisdiction."

The italics are mine, and intended to note that in the opinion of the court, proof as to where the non-resident defendant actually was at the time would excuse any effort to serve at another place. In *Kennedy* v. *The N. Y. L. Ins. & Trust Co.* 101 N. Y. 488, the court, by Miller, J., had occasion again to examine this subject, and to re-examine the views expressed in *Carleton* v. *Carleton, supra,* and said: "It will be seen that in the case cited (*Carleton* v. *Carleton*), the affidavit as to residence is upon information and belief, and does not show positively and distinctly that the defendant was a non-resident." Considerable stress is laid upon this fact, and in the opinion it is said: "Cases may arise," etc., quoting what we have last quoted from that opinion, and then concludes the review of that case as follows: "It would thus seem that where the proof of non-residence is clear and conclusive, and that the defendant is living out of the State, and in a distant State, there may be strong reasons for holding that proof of due diligence is not required, and a different result arrived at."

These are the latest authoritative expressions of the court upon the subject-matter under consideration, and the result reached may be thus summed up: That the statute requires proof that the defendant cannot, after due diligence, be found in the State, or proof of such a state of facts as will show that diligence would be of no avail in effecting a service within the State.

The affidavit in the case now under consideration is as follows: "That said defendants reside at Walla Walla, in the Territory of Washington, which is their postoffice address. . . . . that personal service cannot be made upon said defendants or either of them, for the reason that said defendants have departed from this State, and remained absent therefrom for more than six consecutive weeks, and now reside at Walla Walla." As we have seen, non-residence is not of itself sufficient to authorize the order for publication, because that alone is not inconsistent with the idea that the defendant may be in the State doing business, although his residence is in another State, and hence, would not relieve of the necessity or requirement of due diligence. But the allegation of non-residence, in connection with the facts additionally alleged,

that he was actually living in the resident State, would be ground for claiming that due diligence would be unavailing.

The allegation of non-residence is specific and certain in the affidavit—the defendants reside at Walla Walla, Washington Territory, and that is their postoffice address. But this is not enough, and the inquiry now is, whether the further statement, taken in connection with the averment of non-residence, "that personal service cannot be made on the defendants for the reason that they have departed from the State, and remained absent therefrom for more than six consecutive weeks, and *now* reside at Walla Walla," show such a state of facts as renders it apparent that no act of diligence would be of any avail to find them within the State. It seems to me that these averments, taken together, are legal evidence, tending to show, at least, not only non-residence, but actual absence from the State at the time when the affidavit was made. The word "now," in its ordinary acceptation, means "at this time," or "at the present moment," or "at a time contemporaneous with something done." It relates to the actual existence of the fact at the time and place mentioned.

The averment that the defendants "now reside at Walla Walla," means at this time, or at the present moment they live or reside at that place; that is to say, that when the affidavit was made, they were then actually living in Walla Walla. It is intended to emphasize the fact of actual presence at the place of residence, at the time alleged, and is the reason why the affidavit says that personal service cannot be made upon them within the State. When taken together, these averments show, positively and distinctly, that the defendants were not only residents of Washington Territory at that time, but that personal service could not be made on the defendants in this State, because they had left the State, and were then and at that time residing in Walla Walla. Here, then, the proof shows where the defendants were at the time the affidavit was made for the order, the identical matter which was wanting in the affidavit in *Carleton* v. *Carleton, supra,* and was thus fatal to its sufficiency.

The law requires proof that the defendants cannot be found after due diligence, or proof of such a state of facts as show that

diligence could avail nothing to effect service upon them within the State.   When proof of such a state of facts is made to appear to the satisfaction of the court or judge, within the principle and reasoning of the cases cited, the purpose of the law is answered, and its requirements observed.   It may be admitted that the affidavit is illy constructed, and upon appeal, might be subjected to some criticism; but if it is not entirely defective, the order upon which it is based should certainly not be set aside in a collateral proceeding.   The rule upon this subject is thus stated: "When the proof has a legal tendency to make out a proper case in all its parts for issuing the process, then, although the proof may be slight and inconclusive, the process will be valid until set aside by a direct proceeding for that purpose." (*Miller* v. *Brinkerhoff*, 4 Denio, 118; *Staples* v. *Fairchild*, 3 N. Y. 41, 46.)

We find no error, and the judgment of the court below is affirmed.