ROBERT CONNELY *et al.*

*v.*

JOHN C. RUE *et al.*

*Filed at Ottawa November 29, 1893.*

1. NON-RESIDENT DEFENDANTS — PUBLICATION OF NOTICE — *evidence of the filing of affidavit of non-residence.* Where an affidavit of non-residence of parties defendant appears attached to a bill in chancery without any file mark except that on the bill, the fact that a notice of publication was made by the clerk, who also filed his certificate of mailing the notices of publication, and the fact that the publication notice purporting to be signed by the clerk was made and published, and that a copy of that notice, so signed, was mailed to the post-office address of the non-resident defendants named in the affidavit, is evidence that the affidavit came to the hands of the clerk, and that its purpose was communicated to him at the time of the filing of the bill.

2. Where an order of court on a bill to foreclose a mortgage finds and recites the filing of due proof of the personal service of process upon the resident defendants at least ten days before the return day thereof, and the filing of due proof of notice to the non-resident defendants of the pendency of the suit, by publication, according to the statute in such case made and provided, such finding will afford sufficient evidence that an affidavit of non-residence found among the papers or attached to the bill was filed with the clerk at the proper time, although it may not bear on its face any file mark.

3. SAME — *sufficiency of decree finding jurisdictional facts.* A decree recited that it appeared to the court that summons was duly served on the resident defendants ten days before the return day, and that it further appeared, from the return of such summons, that A, B and C, defendants, could not be found in the county, and that it appeared from the affidavit on file that the defendants were non-residents of the State, and that due notice of the pendency of the suit had been given, by publication, for at least four successive weeks, by notice in a newspaper named, published in the county, stating the pendency of the suit, etc., giving the dates of the first and last insertions of such notice, and also finding that it appeared from the certificate of the clerk that within ten days of the first publication of said notice he sent a copy by mail, addressed to each of said non-resident defendants: *Held,* that this finding by the court of an affidavit of non-residence, and publication thereunder, was sufficient evidence of the filing of an affidavit of non-residence and of publication.

4. SAME—*evidence contradicting.* The finding of the court as to its jurisdiction, by reason of the filing of an affidavit of non-residence and by the publication of notice, can not be controverted by evidence of the register clerk, whose duty it is to make an entry upon the register of all papers and orders in cases in his court. Such finding of jurisdiction can not be impeached or contradicted by evidence outside of the record.

5. SAME—*of non-resident defendant—as depending on notice by mail.* A mistake in an affidavit of non-residence as to the place of residence of a defendant, when reasonable diligence has been used to ascertain the same, will not deprive the court of jurisdiction of the person of the defendant or invalidate its decree.

6. PARTIES—*to bill to foreclose—party holding unrecorded deed for the equity of redemption.* On bill to foreclose a mortgage, the holder of the equity of redemption, as shown by the record, was made a defendant, but the holder of such equity by an unrecorded deed was not made a party, and the complainant had no notice of his interest in the land: *Held,* that the failure to make him a party did not deprive the court of jurisdiction, or render the decree of foreclosure and sale void.

7. Where one not in possession has title by an unrecorded deed, the presumption in favor of a prior mortgagee may be indulged that he is without notice of such title.

8. JUDICIAL SALE—*inadequacy of price as ground for setting aside.* Mere inadequacy is never a sufficient ground for setting aside a judicial sale, unless the inadequacy is so gross as to raise a presumption of fraud, particularly when a redemption is provided by the statute or decree, and the owner has actual notice of the sale.

9. LACHES—*in filing bill to set aside foreclosure sale.* A delay of nearly four years before filing a bill to set aside a judicial sale of land, even if the sale is voidable, when the land has advanced in value, is held such *laches* as to bar the relief sought. The party complaining is required to assert his rights promptly.

APPEAL from the Circuit Court of Cook county; the Hon. M. F. TULEY, Judge, presiding.

Mr. F. B. DRAKE, and Mr. H. C. NOYES, for the appellants:

The record outside of the decree fails to show that any affidavit of non-residence was ever filed in this suit. To offset this, defendants claim that the decree recites that an affidavit of non-residence was filed. The decree does not recite that

the court had jurisdiction. The recitals in a default decree are of but little value to contradict the records kept by the clerk. *Clark* v. *Thompson,* 47 Ill. 25; *Haywood* v. *Collins,* 10 id. 328; *Miller* v. *Handy,* 40 id. 478; *Goudy* v. *Hall,* 30 id. 109.

Again, defendants claim that the fact the clerk certifies that he mailed notices to the non-residents, and that an affidavit was filed, is evidence of the filing. The clerk's certificate as to sending notices is evidence of more or less weight. As to what is a filing, see *Insurance Co.* v. *Stayart,* 79 Ill. 259; *Hamilton* v. *Beardsly,* 51 id. 478.

It has been held that an affidavit sworn to twenty days before it is filed, renders all proceedings by virtue of it a nullity. *Campbell* v. *McCahon,* 41 Ill. 45.

Notice sent by mail to a wrong address, even by mistake, renders the proceedings void. Wiltse on Foreclosure, secs. 743, 831; *Robinson* v. *Ryan,* 25 N. Y. 320; *Closby* v. *Almer,* 33 Mich. 159; *Smith* v. *Huntoon,* 134 Ill. 24.

An affidavit of non-residence may be impeached. Wiltse on Foreclosure, 920, 918; *Morey* v. *Sanborn,* 62 Barb. 223.

If notice is not properly published, although received, it is void. Wade on Notices, (2d ed.) 539, 1030.

We come now to another vital issue in this case. If at the time the foreclosure was commenced, September 11, 1885, Rue knew that Connely was the owner of the land under deeds not recorded, then the decree as to Connely is a nullity, and his equity of redemption is not cut off, Connely not being made a party. *Hull* v. *Nelson,* 14 How. 32; *Carpenter* v. *Williams,* 25 Cal. 154; *Cutter* v. *Jones,* 52 Ill. 84; *Watson* v. *Spence,* 20 Wend. 260.

Verbal notice of an unrecorded deed is sufficient. *Slattery* v. *Rafferty,* 93 Ill. 277; *Hatch* v. *Bigelow,* 39 id. 546.

Any fact or circumstance which puts a person on inquiry will charge him with notice of an unrecorded deed. *Insurance Co.* v. *Ford,* 89 Ill. 252; *Crawford* v. *Railroad Co.* 112 id. 314;

14—148 ILL.

*Rupert* v. *Marks,* 15 id. 540; *White* v. *Kibby,* 42 id. 510; *Doyle* v. *Teas,* 4 Scam. 202.

The law presumes that if a letter is properly addressed, enveloped, stamped and mailed, it is received. 1 Greenleaf on Evidence, sec. 40; *Collin* v. *Gaylord,* 3 Watts, 32; *Huntly* v. *Whittier,* 105 Mass. 391; *Oak* v. *Weller,* 16 Vt. 63; *Russell* v. *Butler,* 4 R. I. 525.

There is no *laches* such as will deprive us of redemption. At the time of the filing of this bill the time to file a bill of review or a bill to impeach the decree had not expired. Where no personal notice is given, a party has eight years in which to sue out a writ of error, file a bill of review, or a bill to impeach a decree. *Wellington* v. *Heermans,* 110 Ill. 564; *Lyons* v. *Robbins,* 46 id. 276; *Sale* v. *Fish,* 54 id. 292.

Messrs. WILLARD & EVANS, for the appellees:

In the foreclosure proceeding against the non-residents the statute was complied with, and such proceedings can not be questioned in this action. *Pfirman* v. *Henkel,* 1 Bradw. 152; *McCamby* v. *Peck,* 12 id. 37; *Nattinger* v. *Wave,* 41 Ill. 248; *Hohmann* v. *Eiterman,* 83 id. 92; *Merrick* v. *Wallace,* 19 id. 496; *Insurance Co.* v. *Stayart,* 79 id. 259; *Polk* v. *Cosgrove,* 4 Bish. 438.

The jurisdiction of the court is not lost by the absence from the record of the affidavit. *Hannas* v. *Hannas,* 110 Ill. 62; *Tibbs* v. *Allen,* 27 id. 124.

Every presumption will be indulged in favor of the jurisdiction of the court, and parol evidence is inadmissible to contradict it. *Matthews* v. *Hoff,* 113 Ill. 98; *Turner* v. *Jenkins,* 97 id. 231; *Barnett* v. *Wolf,* 70 id. 81; *Harris* v. *Lester,* 80 id. 314; *Newcomb* v. *Newcomb,* 13 Bush, 563.

The decree finding the jurisdictional fact can not be contradicted by evidence outside of the record. *Sloan* v. *Graham,* 25 Ill. 27; *Miller* v. *Handy,* 40 id. 452; *Mulvey* v. *Gibbons,* 37 id. 380; *Barnett* v. *Wolf,* 70 id. 81.

As to the sufficiency of an affidavit of non-residence, see *Schaffer* v. *Kienzel,* 123 Ill. 430; *Morrow* v. *Weed,* 4 Iowa, 77; *Sweeley* v. *Vansteenburg,* 69 id. 696; *Paul* v. *Smith,* 87 Ky. 457; *Cooper* v. *Reynolds,* 10 Wall. 308; *Head* v. *Daniels,* 38 Kan. 1; *Harris* v. *Lester,* 80 Ill. 311; *Ferguson* v. *Tinkham,* 38 id. 407; *Smith* v. *Huntoon,* 134 id. 124.

Rue was legally presumed to have no notice of Connely's unregistered conveyance, and the evidence does not show that he did have notice. *Turpin* v. *Ogle,* 4 Bradw. 625; *Smith* v. *Keohane,* 6 id. 592; *Doyle* v. *Teas,* 4 Scam. 249; *Brown* v. *Welsh,* 18 Ill. 347; *Rogers* v. *Wiley,* 14 id. 66.

As to *laches,* see *Williams* v. *Rhodes,* 81 Ill. 558.

Mr. JUSTICE PHILLIPS delivered the opinion of the Court:

On February 15, 1890, a bill was filed by appellants to set aside a decree for foreclosure ordered on the 20th of March, 1886, and to redeem the premises from the sale made thereunder on the 15th day of April, 1886. The bill for foreclosure was filed by John C. Rue in the circuit court of Cook county, and a default of the defendants to that bill made, and decree thereon, and this bill seeks to set aside the sale and decree so entered, and for leave to redeem, for causes alleged as follows: First, that to the bill so filed by John C. Rue, jurisdiction of certain defendants to that bill was sought to be obtained by publication, and no affidavit of non-residence was filed, as provided by law; second, that the affidavit of non-residence as to William H. Main, who was the owner of the equity of record, was stated to be in Washington, when, in fact, Main, for several months prior to the foreclosure, resided in New York City, and did not receive the notice sent by the clerk to him in Washington; third, that Robert Connely, one of the appellants, was the real owner of the equity at the time of the commencement of the foreclosure, September 11, 1885, by virtue of unrecorded deeds from Main, and that J. C. Rue, complainant in the foreclosure suit, had full and ample notice.

of the conveyance to Connely prior to the commencement, *and did not make Connely a party to said suit;* fourth, that Rue concealed the foreclosure from Connely; fifth, that the premises sold for a grossly inadequate price.

It appears from the evidence in this record that the bill for foreclosure had attached thereto an affidavit of non-residence of certain defendants, and the bill was duly filed, but the affidavit was not filed by a separate file mark. That the affidavit of non-residence was filed with the bill, appears from the fact that a notice of publication was made by the clerk, who also filed his certificate of mailing notices of publication. The fact that the publication notice, purporting to be signed by the clerk, was made and published, and that a copy of that notice, so signed, was mailed to the post-office of the non-resident persons as named in the affidavit, being shown by the certificate of the clerk, is evidence that the affidavit of non-residence of the non-resident defendants came to the hands of the clerk and its purpose was communicated to him. By section 12 of the Chancery act it is provided, in substance: "Whenever any complainant or his attorney shall file, in the office of the clerk of the court in which his suit is pending, an affidavit showing that any defendants reside or have gone out of this State, * * * *and stating the place of residence of said defendant, if known,* * * * the clerk shall cause publication to be made in some newspaper printed in his county,. * * * containing a notice of the pendency of said suit, the names of the parties thereto, the title of the court, and the time and place of the return summons in the case; and he shall also, within ten days of the first publication of such a notice, send a copy thereof by mail, addressed to such defendant whose place of residence is stated in such affidavit. *The certificate of the clerk that he has sent such notice in pursuance of this section,* shall be evidence." The affidavit attached to the bill is in compliance with this statute, and fulfills its requirements, and the notice published is in conformity with its provisions.

In *Hannas* v. *Hannas,* 110 Ill. 53, it was held: "We do not think the mere fact that no summons is found in the record can be regarded as sufficient to overcome the presumption that the clerk did his duty and issued one, the positive recitals in the notice published by him, and the inference to be drawn from the recitals in the decree that due notice of the pendency of the suit was given."

*Tibbs et al.* v. *Allen,* 27 Ill. 119, was a case where the record showed a notice by publication in a chancery cause, which recited the fact that an affidavit of non-residence of the defendants was duly filed, but the affidavit did not appear in the record, and it was held: "We must place reliance on the official acts of the clerk and his official declarations, and we must presume something to sustain his acts. It is his duty to require the affidavit. He states in his notice it was filed in his office, and we must take the fact to be so unless the contrary shall be made to appear. The presumption must obtain, from all that appears in the record, that the required affidavit was made, and the defendants were properly before the court by the published notice."

*Hohmann* v. *Eiterman,* 83 Ill. 92, was a case where a trial notice was among the papers, but not marked filed, and it was held: "It is said the trial notice is not marked filed, although it was, in fact, filed with the clerk on the day of its date. The bill of exceptions, however, does not state that it was not placed among the other papers in the cause. If there, then it was the duty of appellant to see and know the fact, and if he did, then the paper answered every purpose it would have done had the clerk performed his duty and marked it filed."

The signing of the notice for publication reciting the non-resident defendants, the recitals of the certificate of mailing showing the mailing of copies of the notice of publication, addressed to the non-resident defendants at the post-office address mentioned in the affidavit, make it morally certain that the affidavit was in the hands of the clerk, and referred

to by him, at the time of signing the notice of publication and at the time of mailing notices.

But further than this, it appears from the decree entered in said cause on said bill for foreclosure, that the court found, by an order entered November 19, 1885, as follows:

"On filing due proof of personal service of process issued in this cause on the defendants Charles Dall and Frederick Main, ten days, at least, before the return day thereof, and in filing due proof of notice to the defendants Frederick M. Cornell, Eva B. Cornell, Phylanda M. Stodder and William H. Main, of the pendency of this suit, by publication, according to the statute in such case made and provided, on motion, it is ordered that the said defendants plead, answer or demur to the bill of complaint in this cause instanter. And the said defendants, though solemnly called in open court, came not, but made default, and the cause was then referred to the master in chancery for computation and report."

And on the coming in of the report of the master, and the filing of the same, a further adjudication was had by a decree of foreclosure, March 20, 1886, as follows:

"On this day comes the complainant, by T. Morrison, his solicitor, and it appearing to the court that process of summons in chancery was duly issued in this cause against all of said defendants, returnable to the October term, A. D. 1885, of this court; that said defendants Charles Dall and Frederick Main were duly and personally served on the 2d day of October, 1885; and it further appearing, from the return of said service, that said defendants Frederick M. Cornell, Eva B. Cornell, Phylanda M. Stodder and Charles H. Main could not be found by the sheriff of said Cook county, and whose return appeared on said summons; and it further appearing to the court, from the affidavit on file, that the said defendants so not found were and are not residents of the State of Illinois, and that due notice of the pendency of this suit had been given, by publication for at least four successive weeks, by a

notice in the *Chicago Legal News,* a newspaper published in said Cook county, stating the pendency of this suit, the names of the parties thereto, the title of the court and the time and place of the return of said summons, the first insertion having been made on the 12th day of September, 1885, and the last on the 3d day of October, 1885; and it further appearing, from the certificate of the clerk of this court, that within ten days of the first publication of said notice he sent a copy by mail, addressed to each of said non-resident defendants, Frederick M. Cornell, Phylanda M. Stodder and William H. Main."

This finding by the court of an affidavit of non-residence, and publication thereunder, was held sufficient evidence of the filing of an affidavit and of publication, by this court, in *Tompkins et al.* v. *Wiltberger,* 56 Ill. 385, where *Tibbs* v. *Allen, supra,* and *Millett* v. *Pease,* 31 Ill. 377, are cited as sustaining the same rule.

It is urged, however, that by a rule of court it was the duty of the clerk to keep a register of papers filed in a cause, and that the evidence of the deputy clerk who kept that register failed to show any affidavit of non-residence on file. The evidence showing the affidavit was attached to the face of the bill by suitable fastenings may well explain why it did not bear a separate file mark, and hence be borne on the file register. But even were it otherwise, the circumstances of the publication notice signed by the clerk, the mailing of notices, and the finding by the court as to the affidavit, greatly preponderate over the testimony of the register clerk to show the affidavit was filed. The finding of the court as to its jurisdiction, by reason of the filing of the affidavit and by the publication of the notice, can not be controverted by evidence of the register clerk. It was held in *Harris* v. *Lester,* 80 Ill. 307: "The court, in the original cause, found it appeared the defendants have each been duly notified of the pendency of said petition, by publication, in accordance with the statute in such case made and provided. Evidence was offered, on the hear-

ing of this cause, to prove the notice contained in the record was the only publication ever made, and was the one upon which the court must have acted. But one purpose could have been had in view in offering this evidence, viz., to contradict the recitals in the decree, and establish the fact, in opposition to the solemn finding of the court, the defendants had not been notified of the pendency of the petition in accordance with the provisions of the statute. Even for this purpose it was inadmissible under any rule of law with which we are familiar." To the same effect are *Barnett* v. *Wolf,* 70 Ill. 76, *Sloan* v. *Graham et al.* 85 id. 26, *Miller* v. *Handy,* 40 id. 448, and *Mulrey* v. *Gibbons et al.* 87 id. 367.

It must be held the record in this case shows the filing of an affidavit as to non-residence, publication of notice, and that the court had jurisdiction of the defendants to the bill for foreclosure, and evidence not of record can not be heard to impeach the decree and show a want of jurisdiction in the court.

It is next urged that the affidavit states the residence of William H. Main, the owner of the equity of redemption appearing of record, to be in Washington, when, in fact, his residence was in New York City. The affidavit of non-residence was made on the 10th day of September, 1885. It appears from the evidence of Ezra Rue, that just before the commencement of the suit he went to the agent of Main, who had charge of the mortgaged premises, and inquired as to the residence of Main, and was then shown a letter from Main, and it may well be inferred the affidavit as to Main's residence was based on the information so received. It is true that the evidence of William H. Main in this record is to the effect that at that time he was living in New York City. There is in this bill no pretense that any fraud was used in setting forth the place of residence in the affidavit, but it is apparent that entire good faith was used. Inquiry was made of the very person who would be expected to know the residence of Main—

his agent; and however Main's testimony may be, there is, in this record, evidence that excites much distrust as to its correctness. Hoadley and Hall both testify as to his residence in the summer and fall of 1885 being in Washington. Letters written by him to his agent, of dates August 13, 1885, September 26, 1885, and February 25, 1886, from Washington, show that he was then domiciled there. The letter of September 26, 1885, is on a sheet of paper showing his business card, and that he was then in the real estate business in that city, and in the deed under which appellant Connely claims, and in which William H. Main is the grantor, he is described as of Washington City. The law, however, does not require the appellant's recital as to the place of residence to be absolutely true, if good faith is used and reasonable diligence exercised in endeavoring to learn the place of residence, and if the affidavit was made on information obtained after exercising such diligence and good faith, this would be a compliance with the statute. To hold the jurisdiction of the court would be defeated by reason of a mistake in the affidavit as to the place of residence of a non-resident defendant, would render it almost impracticable to bring many defendants into court. A mistake as to the residence of Main, even if there was a mistake, when the reasonable diligence was used to learn his place of residence as is shown in this record, did not deprive the court of jurisdiction or invalidate the deed.

It is next urged that Robert Connely became the owner of the equity of redemption, by conveyance from William H. Main, prior to the time of foreclosure, and his deed unrecorded, and was not made a party defendant to the bill for foreclosure, although complainant therein had full and ample notice of the conveyance to Connely prior to the commencement of the suit. It is not shown that Connely was in possession of the mortgaged premises, or exercising any acts of ownership over the same, at the time of filing the bill for foreclosure. The evidence discloses the fact that after the date of the deed under

which Connely claims title, Purcheck, as agent for Main, was
directed by the latter to rent twenty acres to the then occu-
pant for the succeeding year. That letter was written by Main
August 13, 1885, and is absolutely inconsistent with his testi-
mony, in which he claims that immediately after the convey-
ance to Connely he notified Rue. Rue denies the receipt of
any notice, and from the entire testimony the conclusion is
irresistible that Rue had no notice of the conveyance by Main
to Connely. His deed was unrecorded, and the mortgagee
without notice of his claims or interests. Where one is not in
possession, and has title by an unrecorded deed, the presump-
tion in favor of a prior mortgagee may be indulged that he is
without notice of such title. (*Brown* v. *Welsh,* 18 Ill. 343.)
The evidence in the record fails to show actual notice by Rue
of Connely's claim of title. There is no evidence showing that
Rue concealed the foreclosure from Connely.

It is finally urged that the premises sold for a grossly
inadequate sum. The sale, as made by the master, was for
a gross sum of $7000, or about $87.50 per acre. Three
witnesses called by complainant place the value of the prop-
erty at from $200 to $300 per acre, the former amount being
the lowest value placed thereon and the latter amount being
the highest. Three witnesses called by the defendant place
the value at from $58 to $150 per acre, the former sum the
lowest named by one witness, and the latter the highest by
another. Without seeking to determine where the preponder-
ance of evidence lies on this question, it is sufficient to say
that mere inadequacy of price is never ground for setting aside
a sale, unless the inadequacy is so gross as to raise a pre-
sumption of fraud, particularly where, under the decree, the
statutory time for redemption is allowed. *Booker* v. *Anderson,*
35 Ill. 66; *Weld et al.* v. *Rees,* 48 id. 428; *Comstock et al.* v.
*Purple et al.* 49 id. 158; *Jenkins* v. *Pierce et al.* 98 id. 646.

Under the rule laid down by the above authorities, it can
not be held that there was inadequacy of price that would

raise the presumption of fraud in this case, if we take the evidence of the complainants' witnesses alone as showing the value. But with the lapse of time, fluctuations of value and changing conditions that may well be presumed to exist where land is situated as this, we are inclined to accept the lesser value, as placed by the defendant's witnesses, as being more probably the true value of the property at the time of the foreclosure sale. The evidence further shows that, in 1888, several years subsequent to the time of sale, a railroad was constructed near the land in the bill described, and shortly thereafter there was a great and rapid rise in value of the same. On February 15, 1890, this bill was filed. It appears from the evidence in this record that Connely had notice of the decree for foreclosure in 1886, as he addressed the following letter to Ezra Rue, who had charge of the lands after the foreclosure proceedings:

"Chicago, *Dec. 22, 1886.*

"*Ezra Rue, Atty., Elgin, Ill.*

"Dear Sir—Will you please inform me by early mail where I may see and examine the abstract and foreclosure papers of the west $\frac{1}{2}$ of the N. W. $\frac{1}{4}$ of section 26, T. 30, R. 12, upon which Mr. Rue, of 831 West Madison street, holds the mortgage. As we wish to pay the foreclosure and wish to examine the abstract, will you please early inform me, and when and where I can see it, and oblige?

"Yours, respectfully. Robert Connely,
*Room 22 McVicker Theater.*"

No fraud is shown in any of the proceedings for foreclosure, and the evidence shows that Connely lived in Chicago but a short distance from the land. For more than three years before filing this bill he was conversant with the fact of the foreclosure, as appears from his letter to Rue. It was his duty to act with reasonable promptness if he desired to avoid a sale of the land. He can not remain silent and inactive, awaiting a rise in value, and then come forward and ask to

set aside a sale and seek to redeem, that he may speculate on that rise of value.

In *Williams* v. *Rhodes et al.* 81 Ill. 571, it was held: "But the period of limitation in such actions, or, indeed, in any other class of actions, is not necessarily to control. Numerous cases have been decided by this court where delay for a much less period than that fixed by the Statute of Limitations has been held to preclude the right of the party to bring the suit. In such cases, it is said, courts of equity act upon their own inherent doctrine of discouraging, for the peace of society, the prosecution of the suit, and no general rule can be laid down for the guidance of the court in every case. A delay which might have been of no consequence in an ordinary case, may be amply sufficient to bar the title of relief where the property is of a speculative character or is subject to contingencies, or where the rights or liabilities of others have in the meantime been varied. If the property is of a speculative or precarious nature, it is the duty of the party complaining of the fraud to put forward his complaint at the earliest possible time. He can not be allowed to remain passive, prepared to affirm the transaction if the concern should prosper, or to repudiate it if that should prove to his advantage." Kerr on Fraud and Mistake, (Bump's ed.) 306, 307. To the same effect is *Hoyt et al.* v. *Pawtucket Institution for Savings et al.* 110 Ill. 390, *Hamilton* v. *Lubukee et al.* 51 id. 415, *Bush et al.* v. *Sherman,* 80 id. 160, *McHany* v. *Schenk,* 88 id. 357, and *Speck et al.* v. *Pullman Palace Car Co.* 121 id. 33.

We hold the complainant was guilty of such *laches* that he is not entitled to the relief prayed, even if the sale was voidable.

From a careful examination of the record we find the decree of the circuit court dismissing complainants' bill must be affirmed.

*Decree affirmed.*