## BOWER v. STEIN.

(Circuit Court of Appeals, Ninth Circuit. February 7, 1910.)

No. 1,733.

**1. MORTGAGES (§ 408*)—FORECLOSURE—DEFAULT—WAIVER.**

Where a mortgagee's assignee was entitled to foreclose at any default, the fact that he did not elect to foreclose on the first default did not prevent a foreclosure after the third default.

[Ed. Note.—For other cases, see Mortgages, Dec. Dig. § 408.*

Foreclosure in federal courts, see note to Seattle, L. S. & E. Ry. Co. v. Union Trust Co., 24 C. C. A. 523.]

**2. MORTGAGES (§ 414*)—FORECLOSURE—DEFAULT—NOTICE.**

A mortgagee's assignee, being authorized to foreclose on the mortgagor's default, was under no obligation to notify the mortgagor of his intention to do so before beginning suit.

[Ed. Note.—For other cases, see Mortgages, Dec. Dig. § 414.*]

**3. PROCESS (§ 96*)—SERVICE BY PUBLICATION—AFFIDAVIT.**

An affidavit for service by publication, alleging that defendants were nonresidents, and not to be found within the state, that on due inquiry and diligent search their address was ascertained to be No. 215, West 125th street, New York, was sufficient to sustain an order for the publication of summons.

[Ed. Note.—For other cases, see Process, Cent. Dig. §§ 108–120; Dec. Dig. § 96.*]

**4. MORTGAGES (§ 496*)—FORECLOSURE—DECREE—VACATION—FRAUD.**

Where process in mortgage foreclosure was served by publication, allegations of a bill to set aside the decree that the affidavit for publication falsely stated complainant's post-office address, but failing to charge what her true address was, and not alleging that the address given was not that of her husband, and an allegation that the mortgagee's assignee made no search or inquiry for the complainant's post-office address, though he could easily have ascertained the same, but failing to allege that he knew such address, was insufficient to show fraud.

[Ed. Note.—For other cases, see Mortgages, Dec. Dig. § 496.*]

**5. MORTGAGES (§ 496*)—FORECLOSURE—DECREE—VACATION—MISTAKE.**

That a mistake was made as to the residence of a defendant in a suit to foreclose a mortgage, who was served by publication, is not ground for vacating the decree.

[Ed. Note.—For other cases, see Mortgages, Dec. Dig. § 496.*]

**6. MORTGAGES (§ 440*)—FORECLOSURE—PROCESS—SERVICE BY PUBLICATION.**

In proceedings to foreclose a mortgage, it is not necessary that a nonresident defendant shall have had actual notice; it being sufficient that the statute relating to service by publication was complied with.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 1304, 1305; Dec. Dig. 440.*]

**7. MORTGAGES (§ 496*)—FORECLOSURE—DECREE—VACATION—BILL.**

In a suit to set aside a foreclosure decree for fraud, plaintiff's allegation that the mortgagee's assignee might have ascertained plaintiff's residence and given her actual notice is not sufficient to show fraud when it also shows that the mortgagee's assignee's affidavit for service by publication distinctly stated the contrary, and on its face exhibited diligence in making search and inquiry, and the bill further affirmatively discloses absence of motive for withholding from the mortgagors knowledge of the pendency of the suit.

[Ed. Note.—For other cases, see Mortgages, Dec. Dig. § 496.*]

---

**8. MORTGAGES (§ 440\*)—FORECLOSURE—PROCESS—FRAUD.**
That a mortgagee's assignee who sued to foreclose was a member of an art association to which the mortgagor belonged, and was in correspondence with members of the association, from whom he could have easily ascertained the mortgagor's address, and given her actual notice of his intent to foreclose, did not show fraud in his failure to do so, and in his obtaining service by publication.

[Ed. Note.—For other cases, see Mortgages, Dec. Dig. § 440.\*]

**9. JUDGMENT (§ 407\*)—VACATION—REMEDY AT LAW.**
Where complainant had notice of a mortgage foreclosure suit in time to have moved the state court to set it aside under a state statute providing that a defendant against whom a judgment is taken on service by publication may on good cause shown, and on proper terms, be allowed to defend within a year after judgment, she was bound to apply for relief thereunder as a condition to her right to sue in equity in a federal court to set aside the decree.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 768–774; Dec. Dig. § 407.\*]

**10. EQUITY (§ 219\*)—LACHES—DEMURRER.**
Where a bill without the aid of inference discloses laches and no valid excuse for the delay, it is demurrable.

[Ed. Note.—For other cases, see Equity, Cent. Dig. § 498; Dec. Dig. § 219.\*]

**11. MORTGAGES (§ 496\*)—FORECLOSURE—DECREE—VACATION—LACHES.**
Where complainant knew of a foreclosure decree against her, based on service by publication, immediately after October, 1898, and on July 1, 1902, had actual notice of the sale, but took no steps to redeem or have the decree set aside until June, 1907, her right to do so was barred by laches.

[Ed. Note.—For other cases, see Mortgages, Dec. Dig. § 496.\*]

**12. EQUITY (§§ 77, 78\*)—LACHES—EXCUSE.**
It was no excuse for complainant's laches in failing to promptly sue to set aside a foreclosure decree that she was without means or a resident of a distant state.

[Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 235, 238; Dec. Dig. §§ 77, 78.\*]

**13. EQUITY (§ 87\*)—LACHES—FOLLOWING STATUTE OF LIMITATIONS.**
Delay which will bar relief in equity is not necessarily measured by the statute of limitations, but may be for a much shorter period, depending on the peculiar circumstances in each case, involving a consideration of whether one of the parties or an important witness has died since the trial, and important testimony lost, whether the property involved is largely increased in value, or whether it has been sold to a third person.

[Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 242–244; Dec. Dig. § 87.\*]

Appeal from the Circuit Court of the United States for the District of Oregon.

Bill by Lucy Scott Bower against Hartian Stein. From a decree dismissing the bill, complainant appeals. Affirmed.

For opinion below, see 165 Fed. 232.

The appellant, as complainant in the court below, filed a bill, in which she alleged that on March 20, 1896, she was the owner in fee simple of two certain lots in the city of Portland, state of Oregon, and that on said date she joined her husband in a mortgage thereof to one Sherman to secure her husband's note of $1,500, which note was payable three years from date, with interest at 8 per cent. per annum, payable semiannually; that on June 11, 1896, the said mortgage was transferred to Cleveland Rockwell; that at the time of

---

executing said note and mortgage the plaintiff and her husband were residents of the city of Portland, but thereafter, on June 28, 1896, they removed therefrom to Chicago, and thence they removed to New York, where they have since resided; that on April 30, 1898, said Cleveland Rockwell commenced a suit for the foreclosure of the mortgage; that in the mortgage it was provided that, in case of default in the payment of the interest due semiannually on said note, the whole sum, both principal and interest, should become immediately due, at the option of the holder of the note, and it was further provided that the maker of said note should maintain insurance on the building on said property to the amount of $1,000, loss payable to the mortgagee, and, in case of his failure so to do, that the mortgagee, his heirs or assigns, might effect such insurance, and the amount of the premiums so paid should be secured by the mortgage; that the first default in payment of interest was of the interest which fell due on March 20, 1897; that the holder of the said note and mortgage failed to exercise his option at that date, and that the complainant never at any time had notice that he had elected to declare the whole amount due or to foreclose the mortgage until long after the decree of foreclosure; that said mortgagee by failure to exercise his option on the first default in the payment of the interest had waived his right to foreclose upon subsequent defaults, and until the principal of said note became due, according to the terms thereof; that the plaintiff in said foreclosure suit undertook to serve the appellant and her husband by publication of summons, and, in order to obtain an order of publication, filed an affidavit that the defendants were nonresidents of the state, and not to be found therein, and that, upon due inquiry and diligent search, their address was ascertained to be No. 215 West 125th street, New York. The bill specified the particulars in which it was charged that the affidavit was insufficient. It alleged, among other defects, that it was false and fraudulent in stating the address of the complainant to be at No. 215 West 125th street, New York, when that was not and never had been her address; that on June 20, 1898, based on said affidavit, an order was made for the publication of summons, and on June 24, 1898, a copy of said summons and complaint was deposited in the post office at Portland, Or., addressed to the complainant at No. 215 West 125th street, New York, but that the same was not received by her, and she had no notice of the pendency of said suit to foreclose; that on September 9, 1898, a final decree of foreclosure was entered in said suit upon default taken against the complainant, and judgment was rendered on said note and mortgage for $1,825.77, together with $150 attorney's fees and $25 costs; that on October 18, 1898, said property was sold to Cleveland Rockwell, trustee, for the sum of $2,039.35, which sale was confirmed on October 31, 1898; that the property at that time was worth $10,000, and is now worth $20,000; that on May 24, 1902, said Cleveland Rockwell conveyed said property to the appellee herein by a quitclaim deed for the consideration of $2,050; that in June, 1907, the appellant rendered the appellee by a written tender said principal sum and all unpaid interest, taxes, insurance, and other sums chargeable against said property under said note and mortgage, and demanded the right to redeem said property, which tender and demand were refused. The appellant alleged that "her delay in bringing the suit was unintentional, and was occasioned by her living in a distant state, and being engaged actively in her work there as an artist, and by her lack of means to obtain counsel, and to pay costs of suit, and by the further fact that she was ignorant of said sale of said real property for a long time after the same was made, her first 'actual' notice thereof being subsequent to June, 1902." The appellee interposed a demurrer to the bill for want of equity, and on the ground of laches. The demurrer was sustained on both grounds, and the bill was dismissed.

A. H. Tanner, for appellant.

Wm. A. Munly, for appellee.

Before GILBERT and MORROW, Circuit Judges, and HUNT, District Judge.

GILBERT, Circuit Judge (after stating the facts as above). The appellant seeks to invalidate a judicial decree rendered in another forum, and to go. behind that decree to the extent of obtaining leave to redeem the property which was sold thereunder. The first ground of relief stated in the bill is that the complainant did not know until long after the foreclosure suit that the holder of the mortgage had exercised his option to declare the whole sum unpaid on the note and mortgage due and payable, and that she was led to believe that he had elected to waive the option, for the reason that he failed to exercise it upon the first default in the payment of the interest. But the bill does not show that the appellant had any information that he had failed to foreclose on the first default, and it exhibits no facts which would constitute a ground for her reliance on such a waiver. It is true that the option was not exercised until after the third default, but the holder of the mortgage had the right to foreclose at any default, and he would seem to have exercised forbearance in waiting until after the third default in the payment of the interest, and the total default to insure the property, before he instituted the suit. The facts set forth in the bill indicate a total disregard on the part of the mortgagors of their obligation on the note and mortgage. The appellant was bound to take notice of the terms of the mortgage. The mortgagee was under no obligation to notify her before bringing suit. He properly exercised his election by instituting the suit.

In addition to the allegation that the appellant herein had no notice or knowledge of the pendency of the suit, there is in the bill an attempt to allege fraud in the procurement of the decree. The affidavit upon which the order of publication was obtained is set forth. It fully complies with all the requirements of the statutes, and was sufficient to justify the court in making the order of publication. Cohen v. Portland Lodge No. 142, B. P. O. E., 152 Fed. 357, 81 C. C. A. 483; McDonald v. Cooper (C. C.) 32 Fed. 751; Pennoyer v. Neff, 95 U. S. 714, 24 L. Ed. 565; Pike v. Kennedy, 15 Or. 422, 15 Pac. 637; Bank of Colfax v. Richardson, 34 Or. 519, 54 Pac. 359, 75 Am. St. Rep. 664. It sets forth with unusual detail the efforts made by the plaintiff in the suit to ascertain the residence of the defendants therein, and upon its face it shows due diligence in that regard. The bill charges that the affidavit was fraudulent in falsely stating that the post-office address of the appellant was at that time No. 215 West 125th street, New York. It does not state what her true address was, nor does it allege that the address so given was not that of her husband, an attorney at law then residing in New York. It alleges that the plaintiff in the suit made no search or inquiry as to her post-office address, but it does not allege that he knew her address, although it states that he could easily have ascertained the same. Such allegations are insufficient to show the fraud which must be the basis of equitable relief in a case such as this. There is an entire absence of any allegation of motive upon the part of the plaintiff in the foreclosure suit to procure foreclosure without notice to the defendants therein. On the other hand, it is evident from the bill that he had nothing to gain thereby. All that he obtained by it was the money he had invested, the interest thereon, and the expenses of foreclosure. He parted with the

property for a consideration which left a loss instead of a profit to him. The fact that a mistake is made as to the residence of the defendant who is served by publication in a foreclosure suit is no ground for setting aside the decree. Connely et al. v. Rue et al., 148 Ill. 207, 35 N. E. 824. It is not necessary that the nonresident defendant shall have had actual notice. It is sufficient if the statute as to service by publication be complied with. The mere allegation that the plaintiff in such a suit might have ascertained the residence of the defendants is not sufficient to invoke the aid of equity on the ground of fraud, when the bill also shows that the plaintiff's affidavit distinctly states the contrary, and upon its face exhibits diligence in making search and inquiry, and the bill further affirmatively discloses absence of motive for withholding from the defendants therein knowledge of the pendency of the suit. The allegations of fraud in such a case must be explicit, pointed, positive, and relevant, and must present distinct charges of acts or omissions from which the court can see that they were instrumental in procuring a decree that otherwise would not have been rendered. United States v. Atherton, 102 U. S. 372, 26 L. Ed. 213; Travelers' Protective Ass'n v. Gilbert, 111 Fed. 269, 49 C. C. A. 309, 55 L. R. A. 538; Brick v. Burr, 47 N. J. Eq. 189, 19 Atl. 842; Warner Glove Co. v. Jennings, 58 Conn. 74, 19 Atl. 239; Lyme v. Allen, 51 N. H. 242; Smith et al. v. Nelson et al., 62 N. Y. 286. To allege that the affiant was a member of an art association to which the appellant belonged, and that the latter was in correspondence with members of the association, from whom he might have easily ascertained her address, is not to present a tangible fact which, if proven, would sustain the charge of fraud. Doubtless there may have been many people in Oregon from whom the address of the appellant might have been ascertained, but that fact would not be sufficient to impeach the bona fides of the affidavit, nor is any fact charged in the bill from which the court may deduce the conclusion that there was fraud in the affidavit, or in obtaining the decree.

Another ground on which it should be held that there is no equity in the bill is the appellant failed to avail herself of the remedy afforded her by the statute of Oregon, which provides that the defendant against whom a judgment is taken on service by publication may upon good cause shown, and upon such terms as may be proper, be allowed to defend within one year after judgment. Under that statute, it has been held that an allegation that the plaintiff in the action did not try to find the defendant's address may be considered upon a motion to open the decree. Smith v. Smith, 3 Or. 363. According to the allegations of the bill, the appellant had notice of the foreclosure suit in ample time to have availed herself of the remedy so afforded by the state statute. A party who thus neglects to avail himself of the remedies afforded in the state court is precluded from resorting to a federal court to obtain relief against the decree. Nougue v. Clapp, 101 U. S. 551, 25 L. Ed. 1026; Graham v. Boston, H. & E. R. Co. (C. C.) 14 Fed. 753, affirmed in 118 U. S. 162, 6 Sup. Ct. 1009, 30 L. Ed. 196.

But it is unnecessary to dwell upon the want of equity in the bill, for the demurrer was also clearly sustainable on the ground of laches.

Where the bill distinctly and without the aid of inference discloses laches, and no valid excuse for delay is pleaded, a demurrer will be sustained on that ground. The suit to foreclose the mortgage was begun on April 30, 1898. The decree was rendered on September 9, 1898, and the sale was made on the 18th day of the following October. The present suit was begun on June 6, 1907. The bill alleges that the appellant had no knowledge of the foreclosure suit "until after said decree was rendered," and that she had no "actual" notice of the sale of said property on foreclosure until "subsequent to June, 1902." Construing these allegations as they must be construed, most strongly against the pleader, we have to infer that the appellant knew of the foreclosure suit immediately after October, 1898, and that on July 1, 1902, she had actual notice of the sale. The date when such actual notice was received is not important, for knowledge of the foreclosure suit imported notice to her that a sale would follow in due course. It is a well-established principal of equity practice that diligence must be exercised in asserting the right to set aside a decree in cases of this nature. Unnecessary delay is deemed a waiver of the right. It is no excuse for such delay that the plaintiff is without means or resides in a distant state. Case of Broderick's Will, 21 Wall. 503, 519, 22 L. Ed. 599; McQuiddy v. Ware, 20 Wall. 14, 22 L. Ed. 311; Hayward v. National Bank, 96 U. S. 611, 618, 24 L. Ed. 855; Washington v. Opie, 145 U. S. 214, 12 Sup. Ct. 822, 36 L. Ed. 680; De Estrada v. San Felipe Land & Water Co. (C. C.) 46 Fed. 280; Naddo v. Bardon, 51 Fed. 493, 2 C. C. A. 335. It is proper to observe also in this connection that according to the bill the property of the complainant was worth at the time of the foreclosure sale $8,000 over and above the incumbrance thereon.

In cases of this nature the delay that will bar relief is not necessarily measured by the statute of limitations. It may be a delay for a much shorter period, depending upon the particular circumstances in each case. Thus it is proper to consider whether one of the parties thereto or an important witness therein has died since the trial thereof, so that thereby important testimony has been lost to the adverse party (Foster v. Mansfield Coldwater, etc., Railroad, 146 U. S. 88, 100, 13 Sup. Ct. 28, 36 L. Ed. 899), or whether the property has largely increased in value since the sale thereof on the judgment or decree (Connely et al. v. Rue et al., 148 Ill. 207, 35 N. E. 824), or whether it has been sold to a third person, so that the rights of a purchaser intervene (Graham v. Boston, Hartford & Erie R. R. Co., 118 U. S. 161, 179, 6 Sup. Ct. 1009, 30 L. Ed. 196; Harwood v. Railroad Company, 17 Wall. 79, 21 L. Ed. 558; Hayward v. National Bank, 96 U. S. 611, 24 L. Ed. 855). In this case it appears affirmatively from the bill that the complainant had no defense to the suit of foreclosure. It is not denied that the money for which the decree was taken was due and owing to the plaintiff therein. It also appears from the bill that the property in controversy was at the time of the commencement of this suit of the value of $20,000, whereas, at the time of the foreclosure sale, it is alleged to have been of the value of $10,000. It is alleged in the bill that the appellee purchased the property from the

purchaser at the sheriff's sale, and paid therefor the sum of $2,050, and while the appellee cannot claim to stand in the attitude of an innocent purchaser, since he took by quitclaim deed (Low v. Schaffer, 24 Or. 239, 33 Pac. 678), he is nevertheless a purchaser upon a record which upon its face was free from defects, and one whose rights would be affected by the relief which is sought, and that fact is to be taken into account in determining the question of laches. Evers v. Watson, 156 U. S. 527, 536, 15 Sup. Ct. 430, 39 L. Ed. 520. The appellant herein had notice of the foreclosure suit as early as October, 1898. The records were public, and at all times accessible to her. Everything which she now complains of was discoverable upon examination thereof. She could then have ascertained all of the facts in regard to the sale in ample time to have redeemed therefrom. The possession of the means of knowledge was equivalent to knowledge itself. Having had the opportunity of knowing, she cannot now avail herself of her failure to acquire actual knowledge of the facts. A much shorter period of inaction than here has in similar cases been held ground for the denial of relief. Evers v. Watson, 156 U. S. 527, 15 Sup. Ct. 430, 39 L. Ed. 520; Parker v. Dacres, 130 U. S. 43, 9 Sup. Ct. 433, 32 L. Ed. 848; Boone County v. Burlington, etc., Railroad, 139 U. S. 684, 11 Sup. Ct. 687, 35 L. Ed. 319; Brown v. County of Buena Vista, 95 U. S. 157, 24 L. Ed. 422; Quinn v. Jenks, 88 Hun, 428, 34 N. Y. Supp. 962; Connely et al. v. Rue et al., 148 Ill. 207, 35 N. E. 824.

The decree is affirmed.