## WICK *v.* CHELAN ELECTRIC COMPANY.

No. 29.   Argued November 1, 1929.—Decided November 25, 1929.

Messrs. *Joseph D. Sullivan* and *Adrien W. Vollmer* for appellant.

*Mr. Edwin C. Matthias,* with whom *Messrs. F. G. Dorety, Thomas Balmer, Charles S. Albert,* and *Frank T. Post* were on the brief, for appellee.

MR. JUSTICE BUTLER delivered the opinion of the Court.

Appellee, a public utility corporation organized under the laws of Washington, was empowered to acquire by eminent domain the right to use the water of Lake Chelan for the generation of electricity for public use, and to that end was authorized to impound and raise the water to 1100 feet above mean sea level. Appellant, a resident and citizen of Pennsylvania, owns shore land a part of which is overflowed by the water so raised. Appellee instituted condemnation proceedings in the Superior Court of Chelan County. The petition showed that the purpose was to acquire the right so to raise the water and inundate appellant's land. Notice was published as required. And later appellee filed a bill of particulars describing by metes and bounds the land to be condemned. The court found the taking to be in the public interest, fixed compensation for appellant and by its decree appropriated to the use of appellee the right in perpetuity to overflow such land. The judgment was affirmed in the highest court of the

State. 145 Wash. 129. 148 Wash. 479. Appellant seeks review under § 237(a) of the Judicial Code. U. S. C., Tit. 28, § 344(a).

Under the laws of Washington (Remington's Compiled Statutes, 1922, § 921 *et seq.*) condemnation proceedings are instituted by the presentation of a petition to the superior court of the county in which is located the property proposed to be taken. Notice is required to be given to those interested as owners or otherwise. § 922. The substance of the provision here attacked follows. " In all cases where the owner . . . is a nonresident of this state . . . service [of the notice] may be made by publication thereof in any newspaper published in the county where such lands are situated, once a week for two successive weeks . . . And such publication shall be deemed service upon each such nonresident . . ." September 22, 1926, appellee filed a notice that its petition for condemnation would be presented to the court October 11. A notice to that effect was published in a newspaper of the county on September 23, September 30 and October 7. Appellant appeared specially, objected to the jurisdiction of the court, moved to quash the service and challenged the validity of the statute on the ground of its being repugnant to the due process clause of the Fourteenth Amendment.

She says that the service was not complete until two weeks after the first publication and, relying on *Roller* v. *Holly,* 176 U. S. 398, insists that the time allowed is not sufficient. But the supreme court distinguished the Texas statute considered in that case from that of Washington now before us, construed the latter not to require publication for successive weeks and not to prescribe the period of time required to elapse between the giving of the notice and the return day, held that the first publication constituted service and that the intervening eighteen days was sufficient. That court's construction of the state

statute is authoritative. No discussion is required to show that the time so allowed is reasonable. There is no ground on which it may be contended that the statute as construed is repugnant to the due process clause. *Huling v. Kaw Valley R. & I. Co.*, 130 U. S. 559, 563. *Bellingham Bay & B. C. R. Co.* v. *New Whatcom*, 172 U. S. 314, 319. *Ballard* v. *Hunter*, 204 U. S. 241, 254, 262. *Goodrich* v. *Ferris*, 214 U. S. 71, dismissing an appeal from the Circuit Court of Appeals (145 Fed. 844) for lack of jurisdiction.

And appellant asserts that as construed in this case the provision of § 922 requiring that the petition shall contain a description of the property proposed to be taken is also repugnant to the due process clause. But mere inspection of the petition shows that the point is utterly devoid of merit.

No attempt was made below to draw in question the validity of any other provision of the state statutes. And, as appellant's contentions above referred to are unsubstantial, this court is without jurisdiction. *Goodrich* v. *Ferris, supra,* 79. *Trenton* v. *New Jersey,* 262 U. S. 182, 192. *Newark* v. *New Jersey,* 262 U. S. 192, 196. *Campbell* v. *Olney,* 262 U. S. 352, 354.

*Appeal dismissed.*