IKE ROSEMAN, Plaintiff, *v.* FIDELITY AND DEPOSIT COMPANY OF MARYLAND and Another, Defendants.

City Court of New York, Bronx County, January 30, 1935.

*Julius Wolfson,* for the plaintiff.

*Barker, Perrigo & Bonynge* [*Daniel A. Dorsey* of counsel], for the defendant.

SCHACKNO, J. Plaintiff, a resident of this State, brings this action to recover upon the official bond executed by the defendants,

as sureties, for the faithful performance by one Frank Bryson of his official duties as public administrator for the county of Los Angeles, State of California. The sufficiency of the complaint has been upheld. (*Roseman* v. *Fidelity & Deposit Company of Maryland,* 148 Misc. 132.)

The facts herein have been stipulated and have been submitted for determination and judgment.

One Ike Levy died on December 10, 1928, intestate, in and a resident of the city and county of Los Angeles, State of California; plaintiff knew of his death and attended his funeral; Levy's entire estate ·was in said county; he left him surviving in said State no heirs or next of kin entitled to administer his estate, but left heirs and next of kin elsewhere.

Frank Bryson was the public administrator of said county; he applied for and was granted *special letters of administration* of the estate of said Levy; thereafter, one Jacob Levy, a nephew of the said Levy, represented to the said Bryson that he knew who were all the heirs and next of kin of the decedent; the said Bryson then applied for the issuance of a commission to take his deposition; in the affidavit for the issuance of said commission, Bryson alleged: " That in said proceedings an issue of fact has arisen, viz.: The determination of the heirship of said estate and of the heirs at law and next of kin of said deceased; " the commission was issued; Levy's deposition was taken; he made no mention therein of the plaintiff, who claims to be the child of a deceased half sister of the decedent, as being one of the heirs at law and next of kin of said Ike Levy; Bryson thereafter applied for and was granted *letters of administration;* in his petition for such letters of administration he alleged: " That the next of kin of said deceased and whom your petitioner is advised and believes and therefore alleges to be the heirs at law of said deceased are as follows, to wit:" no mention was made of the plaintiff; on June 3, 1929, Bryson rendered his first and final account as such administrator and presented his petition for the distribution of said estate; he alleged therein that he " is informed and believes and therefore alleges that the next of kin and heirs at law of said deceased are: 1. Annie Levy, sister; 2. Abe Levy, brother; 3. Issue of Sarah Levy Breslow, deceased, sister, (a) Annie Breslow, (b) Joseph Breslow; " a decree of final distribution was made and duly entered; the court decreed " that the decedent's only heirs at law " were the four person above named and directed that the estate be distributed to them; the distribution was made; five months later, plaintiff, for the first time, apprised Bryson that he was a nephew of decedent and was entitled to share in his estate.

All of the foregoing proceedings were had in the Superior Court of the State of California in and for the county of Los Angeles, which had jurisdiction of the subject-matter.

It is conceded that Bryson administered the estate of Ike Levy honestly and in good faith pursuant to the decrees of the Superior Court of Los Angeles county without knowledge of any interest therein of the plaintiff in the said estate.

The gravamen of the action is found in paragraphs 16 and 17 of the complaint, the allegations of which are:

" *Sixteenth.* That the said Frank Bryson has failed to faithfully discharge his official duties as Public Administrator and has negligently, carelessly and recklessly administered the estate and has failed to follow out the provision of the law respecting the distribution of the estate.

" *Seventeenth.* That the said Frank Bryson was faithless, negligent and reckless in the discharge of his official duties as Public Administrator in the aforesaid estate in that he failed to ascertain the true heirs or next of kin of the said estate and failed to make proper administration and distribution to all of the heirs of the estate and negligently, faithlessly and recklessly failed and refused to make any distribution to Ike Roseman, the plaintiff herein."

Plaintiff seeks a judgment against the defendants for the share of the estate to which he would be entitled had he not been omitted from the distribution proceedings.

It is elementary that a probate proceeding by which jurisdiction of a probate court is asserted over the estate of a decedent for the purpose of administering the same is in the nature of a proceeding *in rem* and is, therefore, one as to which all the world is charged with notice; that is the law of California (*Wm. Hill Co.* v. *Lawler*, 116 Cal. 359; 48 P. 323; *Kearney* v. *Kearney*, 72 Cal. 591; 15 P. 769), notice of the filing of the first and final account of the administrator and his petition for distribution was given pursuant to California law (Cal. Probate Code, § 1206); a hearing was had thereon; when such notice was posted, it was notice to all persons, heirs and next of kin and was binding on the whole world (*Abels* v. *Frey*, 126 Cal. App. 48; 14 P. [2d] 594; *Miller* v. *Pitman*, 180 Cal. 540; 182 P. 50; *Toland* v. *Earl*, 129 Cal. 148; 61 P. 914; *Wm. Hill Co.* v. *Lawler, supra*); under the laws of the State of California the court determines who are the heirs, and in its decree it must name the persons and proportions or parts to which each is entitled in an estate, and when such decree becomes final it is conclusive as to the rights of heirs, devisees and legatees (Cal. Probate Code, § 1021); such finality is given when an administrator has paid all sums of money due from him, and delivered up, under the

order of the court, all the property of the estate to the parties entitled thereto and performed all the acts lawfully required of him (Cal. Probate Code, § 1066); on March 18, 1930, a final decree was made and it discharged Bryson as such administrator and released his sureties from liability for acts subsequent thereto.

Plaintiff contends that although the decree of June 20, 1929, was made by a court of competent jurisdiction, he is not bound by its provisions and that said decree, in so far as it may affect him, was in contravention of the Fifth Article of the Amendments to the Constitution of the United States; manifestly the plaintiff's assertion of a denial of due process is under the Fourteenth Amendment to the Constitution. The Fifth Amendment to the Constitution is a restriction upon the powers of the Congress. The Fourteenth Amendment operates to extend to the citizens and residents of the States the same protection against arbitrary State legislation, affecting life, liberty and property, as is offered by the Fifth Amendment against similar legislation by the Congress. (*Hibben* v. *Smith*, 191 U. S. 310.)

" What is meant by due process of law " the United States Supreme Court " has had frequent occasion to consider, and has always declined to give a precise meaning, preferring to leave its scope to judicial decisions when cases from time to time arise." (*Green* v. *Frazier*, 253 U. S. 233, 238.) " Few phrases of the law are so elusive of exact apprehension as this." (*Twining* v. *New Jersey*, 211 U. S. 78, 110.) " In determining what is due process of law within the meaning of the Fourteenth Amendment, a distinction is to be observed between actions *in personam* and actions *in rem* or *quasi in rem.*" (*Grannis* v. *Ordean*, 234 U. S. 385, 392; *Pennoyer* v. *Neff*, 95 id. 714.) The proceedings by the State of California to administer the decedent's estate as to property wholly within its borders and subject to its jurisdiction were proceedings *in rem* and the notice provided by its statutes was sufficient. (*Goodrich* v. *Ferris*, 214 U. S. 71.) Jurisdiction attached and became exclusive by virtue of the State's dominion over the *res.* (*Farmers' Loan & Trust Co.* v. *Lake Street Elevated Railroad Co.*, 177 U. S. 51; *Covell* v. *Heyman*, 111 id. 176.) Jurisdiction need not be acquired of the persons entitled to share in the estate so long as they are given an opportunity to be heard in the proceedings; the opportunity to be heard is the essential element of due process. (*Jacob* v. *Roberts*, 223 U. S. 261; *Simon* v. *Craft*, 182 id. 427; *Holden* v. *Hardy*, 169 id. 366.) Where a State has jurisdiction over the *res*, the judgment of its courts is binding with respect to the interest of a non-resident who is given constructive notice as prescribed by the law of the State (*Wick* v. *Chelan Electric Co.*, 280 U. S.

108; *Grannis* v. *Ordean, supra*); such notice is not violative of any inherent or constitutional right of the person affected thereby and amounts to due process of law; the fact that the plaintiff was not a resident of the State of California cannot affect the jurisdiction of the court; it is sufficient if such notice was given as prescribed by the statute, and plaintiff may not complain because it did not follow him across the continent (*Wick* v. *Chelan Electric Co., supra*); the statutes of the State of California provided for the giving of constructive notice with respect to the administration of the *res*, by posting at the court house, and all the world, including plaintiff, is charged with notice. (*Christianson* v. *King County*, 239 U. S. 356; *Goodrich* v. *Ferris, supra; Miller* v. *Pitman, supra; Wm. Hill Co.* v. *Lawler*, 116 id. 359.)

Plaintiff asks this court to pass upon the question of whether the notice provided for was reasonably calculated to apprise the plaintiff of the proceedings. We may construe the statutes of other States when our forum is called upon to give them the sanction of our remedial processes, but we may not subject them to collateral attack and deny them the force and dignity accorded in the State of their enactment and to which full faith and credit entitle them. (*Royal Arcanum* v. *Green*, 237 U. S. 531; *Smithsonian Institute* v. *St. John*, 214 id. 19.)

It is also contended that the action may be maintained upon the bond for the failure of the public administrator to ascertain the existence of the plaintiff and to make distribution to him of his share of the estate notwithstanding the fact that the public administrator's distribution was made in good faith and in conformity with the decree of the Superior Court of Los Angeles county which had jurisdiction of the proceedings, upon the theory that the bond given by the defendants is a guaranty of payment or of performance. The State of California had the unquestioned power to prescribe, under its own laws, what kind of security shall be given by its agents for a faithful discharge of their public duties. This is an official bond given in pursuance of a California statute. In contemplation of law California is the situs of both the execution and performance of the contract and its law alone can affect the contract and govern the liability of the parties. (*Duncan's Heirs* v. *United States*, 7 Pet. 435; *Cox* v. *United States*, 6 id. 172; *Franklin Sugar Refining Co.* v. *Lipowicz*, 247 N. Y. 465.)

The undertaking of the defendants is stated in the bond to be for the faithful performance by the public administrator of " all official duties which have been, now are, or that may hereafter be imposed upon or required of him by law." Relief may flow only from obligations imposed in the situs where the right to such obliga-

tions arose by the issuance of the bond. Unless there was some dereliction from the path of duty charted for the public administrator by the law of the State under whose sovereign powers he exercised official functions, there can be no resort to a bond which indemnifies against such dereliction and nothing more. Section 440 of the California Probate Code requires that a petition for letters of administration must contain: " 2. The names, ages and residences of the heirs of the decedent, so far as known to the applicant." Other than the showing of this requirement of an act which was admittedly performed by the public administrator, we are left to speculate as to any duties imposed upon him which he may have neglected to perform. This we may not do. " Whenever a court of one State is required to ascertain what effect a public act of another State has in that State, the law of such other State must be proved as a fact." (*Lloyd* v. *Matthews*, 155 U. S. 222.) Plaintiff may select the forum in which his claim to relief shall be heard, but he cannot, by such selection, measure the acts of a public officer of another State by the standard imposed upon public officers in this State. " We are not so provincial as to say that every solution of a problem is wrong because we deal with it otherwise at home." (*Loucks* v. *Standard Oil Co.*, 224 N. Y. 99, 111.) It would indeed be a strange doctrine that should require an administrator of an estate to execute his trust in conformity with the regulation imposed upon like officers in every jurisdiction where persons entitled to distribution may reside. Plaintiff's contention that our courts may create an obligation on the California bond not shown to exist in that State is untenable.

It is apparent that there was no deprivation of property without due process of law. The Superior Court of Los Angeles county, after appropriate notice, determined who were the heirs and next of kind of Ike Levy, and its decree, being the act of a court of competent jurisdiction under a valid statute, bound all the world, including the plaintiff. Its decree cannot be attacked in this action (*Christianson* v. *King County, supra; Goodrich* v. *Ferris, supra; Simmons* v. *Saul*, 138 U. S. 439), and the testimony offered by the plaintiff as to his being an heir at law of Ike Levy cannot be considered.

For the foregoing reasons, judgment is directed for the defendant, with costs; exception to the plaintiff.