**SCHULTZ v. WALKER et al.**

**No. 8010.**

Circuit Court of Appeals, Seventh Circuit.

Oct. 22, 1942.

E. R. Elliott, of Chicago, Ill., for appellant.

Harold L. Reeve and Elmer M. Leesman, both of Chicago, Ill., for appellees.

Before KERNER and MINTON, Circuit Judges, and LINDLEY, District Judge.

KERNER, Circuit Judge.

In this case we are asked to reverse the judgment of the District Court dismissing the original complaint and denying leave to file a proposed amended complaint.

The complaint, filed May 17, 1941, shows the existence of diversity of citizenship and the requisite jurisdictional amount, and seeks a partition of the premises described and an accounting for rents. It alleged that on July 24, 1925, one Mary L. Walker conveyed to plaintiff a one-fourth interest in the real estate described, subject to a trust deed to the Chicago Title and Trust Company, trustee, securing an indebtedness of $250,000, which subsequently was foreclosed and a decree of sale entered by the Circuit Court of Will County, Illinois. February 20, 1929, a Master in Chancery sold the real estate and under the statute executed a certificate of sale to the purchasers, certifying that the purchasers would be entitled to a deed unless the premises were redeemed according to law. No redemption having been made, the purchasers instructed and directed the Master, without any written assignment of the certificate of sale, to issue a deed to William P. Wiseman, and the

Master, on June 14, 1930, issued his deed to Wiseman. The complaint concludes that because the Master's certificate of sale was not properly assigned, the Master's deed to Wiseman is null and void.

The Judgments Act, c. 77, § 30, Ill.Rev. St.1941, provides that every certificate given under the provisions of the Act shall be assignable by endorsement thereon, under the hand of the purchaser. Plaintiff argues that since the purchasers did not make a written assignment of the certificate, but merely directed the Master to issue a deed to the purchasers' nominee, the deed was void, and she cites Chytraus v. Smith, 141 Ill. 231, 30 N.E. 450. In that case the owner of the certificate entered into a contract with the owner of the equity to sell the certificate. Subsequently, instead of delivering the certificate and accepting the contract price, the owner's agent, entrusted by the owner of the certificate with the handling of the transaction, sold the certificate to a third person. The court held that in order to vest an assignee with a legal interest in the certificate, it was necessary that the formal requirement of endorsement on the certificate be observed, but that failure to comply with this requirement did not prevent an equitable assignment of the certificate. Consequently, we are of the opinion that that case is no authority for plaintiff's contention.

█ In our view, according to the Illinois law, plaintiff is in no position to question the issuance of the deed. There is no question but what the owners of the certificate did in fact instruct and direct the Master to issue a deed to Wiseman, their nominee, and we know of no reason why a Master making a sale should not execute the deed to anyone indicated by the purchaser at the sale, Gibbs v. Davies, 168 Ill. 205, 48 N.E. 120, even though the assignment is defective, McClure v. Engelhardt, 17 Ill. 47, and not in compliance with the statute, Hooper v. Goldstein, 336 Ill. 125, 168 N.E. 1. Moreover, it is immaterial to the plaintiff who received the deed, Voorhees v. President, etc., of Bank of United States, 35 U.S. 449, 478, 10 Pet. 449, 9 L. Ed. 490.

The record discloses that after sustaining the motion to dismiss, the court ordered that leave be given plaintiff to file a motion for leave to file an amended complaint. Plaintiff prepared and asked leave to file an amended complaint which, in addition to the allegations of the original complaint, alleged that no jurisdiction over plaintiff had been acquired by the Will County Circuit Court, because the affidavit of non-residence filed in the foreclosure suit was made without proper effort to ascertain her residence and had the effect of preventing plaintiff from receiving notice of the pendency of the foreclosure suit; that the affidavit alleged that Catharine Schultz was a resident of Cincinnati, Ohio; that at that time she was not a resident of Cincinnati, but was and had been for many years a resident of the Republic of China; and that she never received the statutory notice sent to her at Cincinnati, Ohio.

In the proposed amended complaint she prayed partition of the real estate and, in case the court decreed the plaintiff must redeem, offered to pay the necessary redemption money.

The court denied plaintiff's motion for leave to file the amended complaint. For the purposes of this case, we shall consider the appeal as though the court had permitted the filing of the amended complaint and had dismissed the complaint for want of equity. The question then presented is whether the amended complaint stated a cause of action.

The statute, Smith-Hurd Stats.Ill. c. 22, § 12 note, c. 22, § 12, Cahill's Ill.Rev.St. 1929, provides that before publication can be had legally, an affidavit must be filed, showing that the defendant resides or has gone out of the state, so that process cannot be served upon him, and stating the place of residence of such defendant if known, or that upon diligent inquiry his place of residence cannot be ascertained. It provides further that when an affidavit of non-residence is filed, the clerk of the court shall cause publication to be made as set forth in the statute and shall send a copy of the notice by mail, addressed to the defendant whose place of residence is stated in the affidavit.

The affidavit of non-residence stated that the affiant "has made due and diligent inquiry to find Catharine Schultz; that Catharine Schultz resides or has gone out of the state; that on due and diligent inquiry her present place of residence cannot be ascertained; that he has made due and diligent inquiry to ascertain the place of residence where Catharine Schultz previously resided, and that on such due and diligent inquiry he has ascertained that her last known place of residence was in Cincinnati, Ohio, but that he has been and is

unable to ascertain the street and number at which she so resided."

■ In construing the statute, the Illinois courts have held that the affidavit must state the affirmative fact that diligent inquiry has been made, Spalding v. Fahrney, 108 Ill.App. 602, 604; Connely v. Rue, 148 Ill. 207-217, 35 N.E. 824; and Reedy v. Camfield, 159 Ill. 254, 42 N.E. 833. It is clear the affidavit was drawn in accordance with the laws of Illinois.

In the instant case, plaintiff challenges the validity of the statute on the ground of its being repugnant to the due process clause of the Fourteenth Amendment.

■ Numerous cases[1] are found in which somewhat similar contentions have been made and decided adversely. These cases hold that service by publication satisfies the requirement of due process of law.

■ We think it well to note that where service of process is constructive only, a defendant may avoid the binding force of the decree by appearing in open court within three years after the entry of the decree and asking leave to defend as provided in § 19 of the statute, Smith-Hurd Rev.St.1929, c. 22, § 19. We observe also that by stipulation the court was permitted to take notice of the fact that on October 30, 1930, Mary L. Walker, one of the defendants in the foreclosure suit, sued out a writ of error from the Appellate Court of Illinois to review the decree of foreclosure and in the assignment of errors claimed that the Will County Court had erred in finding that all the parties to the foreclosure suit were properly before the court. On June 9, 1930, Catharine Schultz, defendant in the foreclosure suit and plaintiff here, filed a petition in the foreclosure suit praying that the court enjoin the Master from issuing a Master's deed on the ground that the substituted service upon her was invalid. The prayer of the petition was denied. In the Appellate Court, Catharine Schultz was permitted to become a party plaintiff in error and she adopted Mary L. Walker's assignments of error. The Appellate Court affirmed, American Radiator Co. v. Walker, 276 Ill.App. 150.

We have already stated that we are of the opinion that the Will County Court had jurisdiction of the plaintiff. However that may be, her motion to enjoin the issuing of the Master's deed and her contention in the Appellate Court to set aside the decree for lack of jurisdiction, cured the infirmity, if any existed, Forsyth v. City of Hammond, 166 U.S. 506, 517, 17 S.Ct. 665, 41 L.Ed. 1095; Fifth-Third Union Trust Co. v. Cist, 6 Cir., 105 F.2d 282, and settled the contest over jurisdiction, Stoll v. Gottlieb, 305 U.S. 165, 172, 173, 59 S.Ct. 134, 83 L.Ed. 104.

■■ Plaintiff next makes the point that the trust deed and the decree of sale provided that the real estate be sold for cash, that the Master did not sell for cash but accepted in lieu of cash, bonds representing the indebtedness. It will be enough to say that the court in the foreclosure suit authorized and directed the Master, in the event the property was purchased by a bondholders' committee, to accept in lieu of cash, the bonds held or owned by the bidders. In foreclosure sales, the court acts for the best interests of all parties and may disregard provisions in the trust deed concerning the manner of bidding at such sales. Low v. Blackford, 4 Cir., 87 F. 392-399.

The plaintiff in her brief devotes some time to other points which we have considered, but we find they do not change the conclusions we have reached.

For the reasons assigned, the decree of the District Court is affirmed.

Decree affirmed.

[1] Huling v. Kaw Valley, etc., 130 U. S. 559, 9 S.Ct. 603, 32 L.Ed. 1045; Arndt v. Griggs, 134 U.S. 316, 10 S.Ct. 557, 33 L.Ed. 918; Leigh v. Green, 193 U.S. 79, 24 S.Ct. 390, 48 L.Ed. 623; Ballard v. Hunter, 204 U.S. 241, 27 S.Ct. 261, 51 L.Ed. 461; Jacob v. Roberts, 223 U.S. 261, 32 S.Ct. 303, 56 L.Ed. 429; Grannis v. Ordean, 234 U.S. 385, 34 S. Ct. 779, 58 L.Ed. 1363; Security Savings Bank v. People of State of California, 263 U.S. 282, 44 S.Ct. 108, 68 L.Ed. 301, 31 A.L.R. 391; North Laramie, etc., v. Hoffman, 268 U.S. 276, 45 S.Ct. 491, 69 L.Ed. 953; Wick v. Chelan Electric Co., 280 U.S. 108, 50 S.Ct. 41, 74 L.Ed. 212; Blake v. Zittrouer, D.C., 1 F.2d 496.