LOWELL G. SHEARER, Administrator with Will Annexed of the Estate of SARAH A. PARKER, Deceased, Appellant, v. SYLVIA M. PARKER, Executrix of the Estate of CHARLES H. PARKER, Deceased, Respondent, No. 43697—267 S. W. (2d) 18.

Division One, April 12, 1954.

724

*Edward L. Higbee, Watkins & Watkins* and *Fred M. Wanger* for appellant.

*Maurice Pope* for respondent.

CONKLING, J.—This action originated in the Probate Court of Buchanan County by the filing there of a demand against the estate of Charles H. Parker, deceased. The above demand was filed by Lowell G. Shearer, (hereinafter called plaintiff) as Administrator with the will annexed of the estate of Sarah A. Parker, against defendant Sylvia M. Parker, Executrix of the estate of the above deceased, Charles H. Parker. In the Buchanan County probate court plaintiff's demand was allowed as a claim against the estate of Charles H. Parker in the sum of $13,902.06. From that allowance and judgment defendant appealed to the Circuit Court of Buchanan County, where the judgment of the probate court was reversed. Thereupon plaintiff appealed here.

The case was tried to the court without a jury upon the following agreed statement of facts: On December 14, 1920, the above named Charles H. Parker, then a resident of Colorado, upon his sworn

application to be so named, was appointed administrator with the will annexed of the estate of Sarah A. Parker, by the County Court of Routt County, Colorado, a court of probate jurisdiction and a court of record. Thereupon, Charles H. Parker took charge of the assets of that Colorado estate and made and filed a personal property inventory therein of $5,631.43. In 1924 Charles H. Parker removed from the State of Colorado without completing that administration, without being discharged as such administrator and without accounting for the assets of that estate. Thereafter, a legatee under Sarah A. Parker's will who was only seven years of age when the administration of that estate was begun, filed a petition in the County Court of Routt County, Colorado. In that petition it was charged that Charles H. Parker had left Colorado without paying the legacies or making any accounting. It was also charged therein that Charles H. Parker had fraudulently caused claims to be allowed against the estate and in favor of Charles H. Parker and his wife, Sylvia M. Parker. That petition prayed that Charles H. Parker be cited to appear in the County Court of Routt County and render an accounting. As a second claim for relief that petition prayed that Colorado court to require Charles H. Parker to appear therein and show cause why his letters ▮▮▮ should not be revoked and his letters granted to some other person. Charles H. Parker was thereupon notified by registered mail of the filing of the above petition and by such mail received the petition, summons and citation, and was also served personally with a summons and citation in Buchanan County, Missouri;

Charles H. Parker, through his attorney, F. V. Worden, of St. Joseph, Missouri, thereupon acknowledged by letter to the clerk of the County Court of Routt County, Colorado, that he had received the "Summons to Administer" and the "Citation to Administer" in the Sarah A. Parker estate matter, and noted in his letter to the clerk that the cause was set for hearing in that Colorado court on January 19, 1950, at 10:00 o'clock A. M. Charles H. Parker made no further appearance in the Colorado court, either in person or by attorney, and filed no answer therein. The Colorado court proceeded to hear the matter and thereafter entered its judgment therein. Its judgment found that Charles H. Parker had personal notice of the proceedings by registered mail and was personally served with petition, summons and citation by the sheriff of Buchanan County, Missouri, and that the statutory period after service of summons had elapsed; found also from the evidence that Charles H. Parker had been guilty of gross neglect and violation of duties, had failed to file his reports and accountings required by law, had failed to properly manage and conserve the estate and pay the legacies of this will, had filed in the court and had had allowed certain personal claims against the estate without having some disinterested person appear and resist such

claims as required by law, and that he had left and departed from Colorado without advising the court or surrendering the estate assets, all contrary to Colorado law;

The court also found that the petitioning legatee had never been paid his legacy, was an infant of insufficient age to have received notice of the probate of Sarah A. Parker's will, and in fact had no notice of his legacy until October, 1948, and had thereafter acted with due diligence to protect his rights. The Colorado court also found that Charles H. Parker departed from Colorado and had concealed himself "since prior to the 8th day of February 1925"; and found also that the court "* * * has, and has had since the appointment on the 14th day of December, 1920, of the said Charles H. Parker to be Administrator-With-The-Will-Annexed, jurisdiction over the person of the said Charles H. Parker, notwithstanding his departure from the State of Colorado." The court also found plaintiff herein to be a qualified and proper person to act as administrator with the will annexed of the estate of Sarah A. Parker, and found that estate to be insolvent and without funds or assets, other than such assets as may be recovered from Charles H. Parker;

The Colorado court thereupon decreed the revocation of the former Letters of Administration to Charles H. Parker, and the latter's fraud, misconduct, default and failure to account as above for assets in his possession, appointed the instant plaintiff the administrator with the will annexed of the Sarah A. Parker estate, and on the same day (February 23, 1950) in a separate judgment, upon like findings and decrees, and after allowance of all proper credits, entered judgment in favor of Shearer as administrator with the will annexed and against Charles H. Parker in the sum of $5,073.75 and also for $8,828.31 interest, a total of $13,902.06.

The above Colorado judgment for $13,902.06 was thereafter, in form required by RSMo 1949, Section 490.130, V.A.M.S., and 28 U.S.C.A. § 1738, filed in the Probate Court of Buchanan County, Missouri, as the basis of the demand there filed by plaintiff against the estate of Charles H. Parker, and mentioned above in the first paragraph.

In its judgment instantly appealed from, the circuit court of Buchanan County ruled that the Colorado judgment for $13,902.06 based upon the above agreed facts, was one "in personam and that as a judgment in personam the service was improper and a violation of due process."

The plaintiff here contends (1) that the jurisdiction of the County Court of Routt County, Colorado, over the Sarah A. Parker estate and over the person of Charles H. Parker, continues so long as the estate remains open and until Charles H. Parker should be discharged after complete administration, and that the original jurisdiction of that court continues throughout all subsequent proceedings

arising out of the original action, (2) that the trial court erred in holding that the Colorado judgment violated due process because the continuing jurisdiction of that court warranted the judgment here sued on even though, at the time of its entry, Charles H. Parker was not in Colorado, was not personally served in that state and did not appear, and (3) that the Colorado judgment is entitled to full faith and credit in Missouri (Section 490.130 and Section 1 Article 4 United States Constitution) and its correctness is not open to question in this proceeding.

Defendant-respondent here contends that (1) at the time of the Colorado judgment no res was present in Colorado and this proceeding therefore is not one in rem, and, (2) that the Colorado judgment is not entitled to full faith and credit in Missouri because it was rendered in an action in personam, was a judgment in personam, was entered against a non-resident of Colorado who was outside the state, who was not personally served within the state and did not appear in court.

From the agreed statement of facts, and from the Colorado statutes, it appears that the Colorado statutes, (1) gave the County Court of Routt County, Colorado, power to revoke letters if an administrator removed from the state or refused or neglected to perform his duty; (2) provide that that court should summon an administrator charged to be in default to appear within ten days after service of summons and show cause why such revocation order should not be made; (3) provide under above circumstances that if the summons upon the defaulting administrator could not be personally served within the state, that the same could be served by registered mail; (4) provide that upon removal of an administrator the thereafter appointed administrator shall have judgment for the assets and shall have and maintain an action against the former and removed administrator for the assets of the estate which the former had and for which he did not account, and gave the court power to compel the removed administrator to deliver such assets; (5) provide that administrators shall make settlements and accountings in the court of their appointment every six months, or oftener if required, until the duties of the administration are fully completed, and gave the court power to compel such settlements under penalties, and provide that an administrator's failure or refusal to pay over assets "shall be deemed and taken in law to amount to a devastavit" which shall authorize a recovery thereof; and (6) provide that process may be served in another state by a sheriff. See Volume 4, Colorado Statutes Annotated, Chapter 176, §§ 90, 91, 93, 136, 154, 217, 220, 231, 242, 253, and Colorado Rules of Civil Procedure, Rule 4. Rule 4(f)(2) provides for service outside the state on non-resident defendants in actions in rem.

We consider first the character of the action before us. Proceedings for settlement of estates and connected matters are special

proceedings in rem. State ex rel. Callahan v. Hess, 348 Mo. 388, 153 S. W. (2) 713, 717, Clough v. Clough, 10 Colo. App. 443, 51 Pac. 513, In re Olcese's Estate, 210 Cal. 262, 291 Pac. 193, 196, In re Zimmerman's Will, 172 N.Y. Supp. 80, 91, Roseman v. Fidelity & Deposit Co., 277 N. Y. Supp. 471, 33 C.J.S., Executors and Administrators, § 12, p. 890 and cases cited, 34 C.J.S., Executors and Administrators, § 838, p. 960 and cases cited, 68 C.J., Wills, § 597, p. 874 and cases cited. Cases cited 21 Words & Phrases, Perm. Ed., pages 543, 544. In Clough v. Clough, supra, the Colorado court recognized that proceedings in the administration and settlement of estates are not proceedings at law but are special proceedings. In such a proceeding in rem, the res ██ is the written instrument, the will. Scarborough et al. v. Long et al. (Ga.) 197 S. E. 796, 800. In Roseman v. Fidelity & Deposit Co., supra, it was said: "It is elementary that probate proceedings by which jurisdiction of a probate court is asserted over the estate of a decedent for the purpose of administering the same is in the nature of a proceeding in rem, and is therefore one as to which all the world is charged with notice." This court in State ex rel. Callahan v. Hess, supra, said: "'A proceeding to probate a will, being governed in most, if not all, jurisdictions entirely by statute, is generally regarded as a special proceeding, and it is not an "action" in the sense in which that word is generally used, and is not a proceeding either at common law or in equity, although it is equitable in its nature. It is a civil proceeding as distinguished from a criminal proceeding. It is a proceeding in rem, and is ex parte, and not an adversary suit or proceeding inter parties, - - -.' The nature of the jurisdiction of probate courts in the matter of proving wills was discussed in the early case of Benoist et al. v. Murrin et al., 48 Mo. 48, a will contest under the statute. It was there said: 'But this is not an ordinary suit, nor had the Circuit Court original jurisdiction of its subject-matter. The original jurisdiction was with the Probate Court, where the will was originally probated and ordered to record. The proceedings were in rem, operating directly upon the will—the res.' "

██ One distinction between an action in rem and an action in personam is that in an action in rem a valid judgment may be obtained so far as it effects the res without personal service of process, but in an action to recover a judgment in personam process must usually be personally served or there must be a compliance with the substituted service specifically provided by some statute. A judgment in rem is conclusive upon all who may have or claim any interest in the subject matter of the litigation.

██ The case now before us being a part of, connected with, arising from and growing out of the administration and settlement of the Sarah A. Parker estate in the County Court of Routt County, Colorado, and being an effort by that Colorado court of probate

jurisdiction to bring into that court all the assets of the above estate is a special proceeding in rem. Clough v. Clough, supra, Smith et al. v. Westerfield et al., 88 Cal. 374, 26 Pac. 206, 207, In re Hume's Estate, (Cal.) 176 Pac. 681, State ex rel. Reid v. District Court, (Mont.) 256 Pac. (2) 546, 549, In re Raymond's Estate, (Cal.) 100 Pac. (2) 1085, 1086. See also, State ex rel. Silverman v. Kirkwood, 361 Mo. 1194, 239 S. W. (2) 332.

While we deem the service here to be in compliance with Colorado law, in view of the conclusion we have reached, the questions raised by the defendant as to service upon Charles H. Parker in Missouri pass out of the case. It appears from the agreed statement of facts that on December 14, 1920, Charles H. Parker went into and applied to the County Court of Routt County, Colorado, to be appointed administrator with the will annexed of the estate of Sarah A. Parker; and that he was appointed, gave bond, entered upon his duties as such and filed the inventory charging himself with the estate assets. When he accepted appointment in that court as such administrator Charles H. Parker voluntarily submitted himself to the jurisdiction of that court. The thereafter proceedings therein, as above noted, which resulted in that court in the instant judgment against Charles H. Parker, was not a new action in any sense, but was merely a continuation of the administration proceedings therein in the Sarah A. Parker estate. At the time the proceedings were begun in the Colorado court, which resulted in the instant judgment against Charles H. Parker, the Colorado court had never lost its original jurisdiction of him and he was then in his person subject to its jurisdiction, so that additional service upon him was not necessary to vest that court with the jurisdiction it already possessed over his person. The jurisdiction of the Colorado court over the person of Charles H. Parker was a continuing jurisdiction.

The Colorado court, possessing jurisdiction of the administration of the estate and having continuing jurisdiction of the person of Parker, such jurisdiction of both subject matter and person continued throughout all subsequent proceedings looking to the collection of the assets. It therefore had jurisdiction to revoke his letters and remove Parker as administrator, appoint his successor, make the above findings and decrees, determine the amount due from Parker and render judgment in favor of the successor administrator and against Parker for the amount it found to be due the Sarah A. Parker estate. Michigan Trust Co. v. Ferry, 228 U. S. 346, 33 S. Ct. 550, 57 L. Ed. 867, Moore et al. v. Fields, 42 Pa. State Rep. 467, Boone v. Wachovia Bank & Trust Co., 163 Fed. (2) 809, Fay v. Fay, (Mass.) 13 N. E. (2) 613, American Surety Co. v. Fitzgerald, (Tex.) 36 S. W. (2) 1104, Restatement of the Law, Conflicts of Law, § 76, p. 114 and § 518, pp. 622, 623, Nevitt v. Woodburn, (Ill.) 43 N. E. 385, 388, Netting v. Strickland et al., 18 Ohio Circuit Court Reports 136,

Francisco v. Wingfield, 161 Mo. 542, 61 S. W. 842, In re Condemnation, etc., Mo. Sup., 263 S. W. 97, 100(7), People v. Cartwright et al. (Colo.) 63 Pac. (2) 454.

In the Michigan Trust Company case, supra, Wm. M. Ferry died domiciled in Michigan. Defendant Edward P. Ferry, a resident of Michigan, was there appointed executor, and then moved to Utah without accounting for estate assets in his possession. Upon proper proceedings, the Michigan court removed him, appointed the Michigan Trust Company administrator de bonis non and rendered judgment against Edward P. Ferry for $1,220,473.41, the value of the estate assets. In ruling that case, Mr. Justice Holmes, in part, said:

"But when that power exists and is asserted by service at the beginning of a cause, or if the party submits to the jurisdiction in whatever form may be required, we dispense with the necessity of maintaining the physical power, and attribute the same force to the judgment or decree whether the party remain within the jurisdiction or not. This is one of the decencies of civilization that no one would dispute. It applies to article 4, § 1, of the Constitution, so that if a judicial proceeding is begun with jurisdiction over the person of the party concerned, it is within the power of a state to bind him by every subsequent order in the cause. Nations v. Johnson, 24 How. 195, 203, 204, 16 L. ed. 628, 631, 632. This is true not only of ordinary actions, but of proceedings like the present. It is within the power of a state to make the whole administration of the estate a single proceeding, to provide that one who has undertaken it within the jurisdiction shall be subject to the order of the court in the matter until the administration is closed by distribution, and, on the same principle, that he shall be required to account for and distribute all that he receives, by the order of the probate court. * * * Upon this question courts of other jurisdictions owe great deference to what the court concerned has done. It is a strong thing for another tribunal to say that the local court did not know its own business under its own laws. Even if no statute or decision of the supreme court of the state is produced, the probability is that the local procedure follows the traditions of the place. Therefore we should feel bound to assume that the Michigan decree was not too broad, in the absence of statute or decision showing that it was wrong. But unless and until the supreme court of Michigan shall decide otherwise, we are of opinion that the probate court was right. The statutes provide for charging an executor in his account with the whole of the goods of the deceased that come to his possession, and with waste in case of neglect to pay over the money in his hands, or of loss to the persons interested."

In Boone v. Wachovia Bank & Trust Company, supra, Daniel F. Boone was appointed a testamentary trustee by a North Carolina court, and thereafter moved and took the trust assets to the District

of Columbia. Upon a proper proceeding he was removed as trustee by the court of his appointment. The order of removal was attacked because process in the removal proceedings was not personally served on him in North Carolina and he did not there appear or answer. Service was had upon him by publication and by personal service in the District of Columbia, both being authorized by the North Carolina statutes. The successor trustee sued Boone in the District of Columbia to recover the assets and for accounting. The court ruled the North Carolina removal order was entitled to full faith and credit in the District of Columbia and, in part, said that the North Carolina court, "* * * did not lose jurisdiction over the trust or the trust assets merely because the trustee wrongfully removed the assets to his new domicile in the District of Columbia, nor did the trustee's absence from North Carolina impair or destroy such jurisdiction." It was further ruled there that the North Carolina judgment was not in personam, the court holding: "We think it properly falls within the classification known as judgments quasi in rem. * * * A judgment quasi in rem has been described as a judgment against a person with respect to property, as distinguished from one against property only, or a person only. * * * The Supreme Court of the United States has held that a petition for removal of an executor, and for an accounting for the unadministered residue of the estate is so far a part of the original probate proceedings that the executor is not denied due process of law by a personal judgment for the amount of the unadministered assets."

In the A. L. I. Restatement of "Conflicts of Law," the principle of Continuation of Jurisdiction is stated in § 76, p. 114, in these words: "If a court obtains jurisdiction over a party in an action, that jurisdiction continues throughout all subsequent proceedings which arise out of the original cause of action. * * * Illustration: 1. A is issued letters of administration by a probate court in state X. He collects the assets of the estate and absconds with them to another state. The court in X has jurisdiction to render a judgment against A for the sum due the estate." And in § 518, p. 622, the same authority states the principle in these words: "An adminstrator is subject to the jurisdiction of the court under whose direction he is administering the estate until he has rendered a final account to that court and has been discharged by it, and he can be ordered to pay to the court or to a successor appointed by the court a balance for which he is accountable, even though he is at the time absent from the state. * * * Illustration: 1. A dies domiciled in state X. B is appointed administrator of A's estate in X. B takes possession of the assets of the estate and goes to Y without rendering an account to the court in X. The court renders a decree removing B from office, appointing C as administrator, and ordering B to pay C the sum which is found

due. B remains outside of X during the proceedings. C sues B in Y upon the judgment obtained in the X court. Judgment for C."

In Moore et al., Administrators v. Fields, supra, William Moore died domiciled in New York. Jonathan and Richard Moore, as administrators of his estate appointed by the New York Surrogate Court, collected the estate assets and removed to Pennsylvania without accounting for assets or completing administration. Those administrators were thereafter removed by the New York court, their successor administrator was appointed and judgment was rendered in the New York court against Jonathan and Richard Moore and in favor of their successor administrator for the amount of the estate assets. The successor administrator then sued Jonathan and Richard Moore in Pennsylvania upon the New York judgment. In affirming recovery in Pennsylvania against the absconding administrators for the estate assets, the court, in part, said: "The regular service of such process is of prime moment, for it is by virtue of that that the tribunal ordinarily gains jurisdiction; but in the case of these defendants the surrogate had jurisdiction from the time he granted the letters of administration and it is their legal duty to appear and settle their accounts without any summons whatever from the surrogate. The fact that his notice reached them in Pennsylvania was not, in our judgment, a circumstance of any importance."

Other courts have ruled cases presenting similar facts. The Supreme Judicial Court of Massachusetts in Fay v. Fay, supra, said: "The power of the appointing court over an absent administrator is based on the principle that, 'The administrator upon qualifying becomes an officer of the court, and remains subject to its jurisdiction not only until he has been discharged by the court but until all right of appeal has passed by the law of the State.'" The Supreme Court of Colorado, in People v. Cartwright et al., supra, said: "The (county) court retains jurisdiction of the subject matter as well as the administrator until the estate is finally closed and the administrator discharged." The Supreme Court of Missouri, in Francisco v. Wingfield, supra, said: "The manifest purpose of the (probate) statute is that all the property belonging to the estate shall remain in the hands of the executor or administrator, subject at all times pending the administration, to the jurisdiction and supervision of the probate court, this supervisory control being necessary for the purpose of properly administering the estate."

Authorities could be multiplied.

What we have said above adversely disposes of defendant's contention that before the Colorado court could render judgment against Charles H. Parker for the value of the estate assets, it was necessary that personal service be had upon him in the state of Colorado. The cases cited by defendant, and discussed in the annotation in 136 A.L.R., 621, have all been examined. They are without authoritative

value under the instant facts. Defendant's theory of this case, that the proceedings against Charles H. Parker in Colorado and the judgment there rendered against him for the value of the estate assets was one in personam and that that court lacked jurisdiction of Parker's person, has no support in these facts or in the adjudicated cases.

The instant proceedings in the Colorado court looking to the recovery of the estate assets from Charles H. Parker, the officer of that court who there had possessed them but who had left that state without accounting therefor, and the money judgment of that court against such officer for the value thereof were proceedings in rem and the instant judgment was entered by that court with full jurisdiction of the subject matter and of that officer's person. The instant in rem proceedings are clearly distinguishable from the facts considered in Union National Bank of Wichita, Kansas v. Lamb, 337 U. S. 38, 69 S. Ct. 911, 93 L.Ed. 1190, 227 S. W. (2) 60, where the judgment sought was a new judgment purely in personam. The instant Colorado judgment could be sued upon in this state and is here entitled to full faith and credit under the Federal Constitution and under our statute, Section 490.130. And to enter judgment thereon in this state is not a denial of due process of law: Michigan Trust Co. v. Ferry, supra, Pennoyer v. Neff, 95 U. S. 714, 24 L.Ed. 565, Wick v. Chelan Electric Co., 280 U. S. 108, 50 S. Ct. 41, 74 L.Ed. 212, Fauntleroy v. Lum, 210 U.S. 230, 28 S. Ct. 641, 52 L.Ed. 1039, Roseman v. Fidelity & Deposit Co., supra.

Defendant's written argument in her brief also attacks the Colorado judgment, contending that the Colorado court was without authority in law to allow any interest upon the amount which that court found to be the value of the estate assets converted to his own use by Charles H. Parker. But may defendant in Missouri make collateral attack upon the Colorado judgment and be heard to here contend that that court erred in arriving at the amount of that judgment, or must we presume the correctness of that judgment as to amount? Where we have concluded, as we have here, that in the rendition of its judgment now sued on here, the Colorado court had jurisdiction of both the subject matter before it and of the person of Charles H. Parker, "the full faith and credit clause of the Constitution precludes any inquiry into the merits of the cause of action, the logic or consistency of the decision, or the validity of the legal principles on which the judgment is based." Milliken v. Meyer, 311 U. S. 457, 61 S.Ct. 339, 85 L. Ed. 278, 282, 283, 132 A.L.R. 1357, Titus v. Wallick, 306 U. S. 282, 59 S. Ct. 557, 83 L. Ed. 653. This contention must be denied.

It is axiomatic that one may not be allowed unjustly to enrich himself at another's expense by his own wrongdoing or conduct offensive to the dictates of natural justice. The above cases give that principle recognition. That rule applies equally as strong to the case

of an administrator who leaves the jurisdiction of his appointment and accountability, and takes with him the estate assets entrusted to his stewardship and who seeks thereby to avoid accounting to the court of his appointment, as it does to any other human activity.

The judgment of the circuit court of Buchanan County is reversed. The cause is remanded to the circuit court with directions to enter a judgment in favor of plaintiff in accordance with the demand allowed him in the probate court of Buchanan County in the sum of $13,902.06. It is so ordered. All concur.