579 S.W.2d 659 (1979)
W.B.M., a minor, by Y.S., his next friend, Respondent-Appellant,
v.
G.G.M., Appellant-Respondent.
Nos. 39412, 39835.
Missouri Court of Appeals, Eastern District, Division Three.
February 14, 1979.
Motion for Rehearing and/or Transfer Denied March 16, 1979.
Application to Transfer Denied May 17, 1979.
*660 John R. Parres, Dulin, King, Parres, McDowell & McDowell, St. Louis, for respondent-appellant.
William A. Boles, James P. Gamble, St. Louis, for appellant-respondent.
Motion for Rehearing and/or Transfer to Supreme Court Denied March 16, 1979.
WEIER, Judge.
Plaintiff, a minor by his next friend, sues the defendant alleging that he is the illegitimate son of the defendant and that he is dependent upon the defendant for his support, maintenance, education and medical necessities. He further alleges that the issue of paternity was decided by a judgment of the Juvenile Court of Marion County, Indiana, in an action brought by his mother and that such determination is entitled to full faith and credit by the courts of this state. He then prays that the court make a determination that he is the child of the defendant and is entitled to support and maintenance and for his attorney's fee and for the cost of this suit. In Count II plaintiff seeks an award from the defendant of an amount payable periodically for his support and maintenance. The trial court made extensive findings of fact, conclusions of law and rendered judgment determining that defendant was the putative father of the plaintiff on the basis of the evidence submitted, the trial court noting that the Indiana court judgment was merely an additional evidentiary fact before the court which was not conclusive in arriving at judgment.
The court awarded plaintiff, based upon the financial evidence before it, $45 per week against the defendant for a contribution to plaintiff's support.
On appeal, the defendant contends that the trial court erred in holding that the judgment of the juvenile court was not entitled to full faith and credit. His thesis is submitted upon the reasoning that if the entire judgment is entitled to full faith and credit, the last portion of the judgment would bar the present action by reason of equitable estoppel and laches if it were brought in Indiana and therefore would bar the instant support action in Missouri. We agree that the entire judgment is entitled to full faith and credit but do not agree that the terms of the judgment would in any way bar the present action for support.
An authenticated copy of the Indiana judgment dated January 13, 1969, was introduced in the evidence. It indicates that the natural mother and putative father both appeared in court in person and by their attorneys; that the issues were formed by an amended petition and an amended answer and that the parties in open court waived trial by jury and submitted the cause to the court on an oral stipulation of facts. It further recited that the court found that petitioner was not married; that the defendant there, who is the defendant in the cause now before us, was the father of the herein plaintiff born on September 19, 1968, and ordered that the *661 child would thereafter be known and identified under the name of the father and that the birth certificate be amended accordingly. The very last paragraph of the judgment stated:
"No judgment being rendered by the Court for pre-natal, post-natal and birth care, attorney fees or a support payment, the same having been waived by the petitioner."
We do not read this to indicate any attempt on the part of the court to settle or in any way affect future support for the child. The only meaning that can be read into it logically is that, as of the time of this judgment, the petitioner, who is the mother of the instant plaintiff, waived a support payment at that time. It does not provide that future support for the child would be waived or could be disregarded. Indiana statutory law, under which this judgment was rendered, Ind.Code Ann. § 31-4-1-25 (Burns 1973) [3-646 (1968)], (1941 Ind.Acts, ch. 112, § 23, p. 301), provides that the existence and performance in whole or in part of any agreement entered into by the mother and father of the child shall not be a bar to any action for paternity and support unless adequate provision is made in the agreement for the support of the child and the father had complied with the terms of the agreement. No such provision had been made. To the contrary, the father has contributed nothing.
Under the United States Constitution, Art. IV, Sec. 1, we give full faith and credit to the judgments of sister states unless it can be shown that there was (1) lack of jurisdiction over the subject matter, (2) a failure to give due notice, or (3) fraud in the concoction of the judgment. O'Neill v. Winchester, 505 S.W.2d 135, 136[1] (Mo. App.1974). Such a judgment can be sued upon in this state and is here entitled to full faith and credit under the Federal Constitution and under our Statute § 490.130. Shearer v. Parker, 364 Mo. 723, 267 S.W.2d 18, 25[6] (1954). It is not necessary that the judgment be registered under the terms and procedures outlined in § 511.760 RSMo. 1969 (Uniform Enforcement of Foreign Judgments Law) (Rule 74.79) in order to give the foreign judgment validity in this state because the Uniform Act was merely intended to afford judgment creditors an alternative and summary method of enforcing judgments of sister states which were entitled to full faith and credit. Corning Truck & Radiator Service v. J.W.M., Inc., 542 S.W.2d 520, 525[4] (Mo.App.1976). Section 511.760, supra, subsection 16, recognizes the alternative or common-law method of bringing an action to enforce an out-of-state judgment. The proof of a valid judgment holding that defendant was the father of plaintiff was conclusive proof of this fact and required no further evidence on that issue.
Although Missouri law was at one time to the contrary, our statutory provisions relating to the obligations and rights of parents (§§ 452.150, 452.160 RSMo.1969, § 559.353, Laws 1965, p. 669, § 1 (§ 559.351); amended Law 1977, p. 397) have been held to afford illegitimate children a right equal with that of legitimate children to require support by their parents. R____ v. R____, 431 S.W.2d 152, 154[2] (Mo.1968); see also, § 568.040 Laws 1977, eff. January 1, 1979. Here defendant is a resident of Missouri and subject to its jurisdiction. The law of Missouri governs his liability and the court here had jurisdiction to impose upon him the duty to support his minor son even though the child may not be subject to the jurisdiction of Missouri courts. Berkley v. Berkley, 246 S.W.2d 804 (Mo. 1952). The evidence and the law both support the judgment of the trial court and as to that portion of the judgment determining that defendant was the father of plaintiff and requiring support payments, the judgment is affirmed.
The plaintiff in this case also appealed from the judgment of the trial court which held that plaintiff was not entitled to an award of attorney's fees in pursuing his cause of action in this state. The court below considered the question of attorney's fees. The conclusions of law contain this statement: "The Court finds no authority for the allowance of such fees in this present type of case. However, if such a request is found to be proper by a superior Court, this Court concludes that $4,000.00 would be a reasonable attorney's fees." At *662 the time this case was decided (May 2, 1977), it would appear that there was no clear authority for such an award. Since that time, however, this court in the case of Stegemann v. Fauk, 571 S.W.2d 697, 701[8] (Mo.App.1978) determined that although there was no statutory authority in Missouri for the allowance of attorney's fees in paternity suits an allowance could be made "under the auspice of the court's power to exercise equitable jurisdiction to care and provide for the minor child." Here the evidence disclosed that counsel for plaintiff had expended 108 hours in preparation and presentation of this case. Such services are necessary for the preservation and enforcement of the right of the child to its support. In such circumstances, we believe that the amount of $4,000 would be fair and reasonable. We therefore reverse the judgment of the trial court with respect to denying the allowance of attorney's fees and order that defendant pay plaintiff said sum of $4,000 in addition to the amount heretofore awarded for the support of plaintiff together with the costs of this action.
GUNN, P. J., and KELLY, J., concur.