TORBERT, Chief Justice.
This suit was filed by Doris B. Owens, individually and as executrix of the estate of Lillian B. Jones, deceased, against Lillian Beverly, Helen Beverly, Alberta Carlton, and Mamie Beverly, in Jefferson County Circuit Court. The defendants, all of whom are residents of Jefferson County, are sisters, and, along with the plaintiff, were cousins of the late Lillian B. Jones. The circuit court granted a summary judgment in favor of Ms. Owens. That summary judgment was made final pursuant to Rule 54(b), A.R.Civ.P. The judgment, which was entered March 25, 1985, by the Jefferson County Circuit Court, ordered *66 that full faith and credit be given to a prior judgment between these parties which had been entered in the Chancery Court of Lauderdale County, Mississippi, on November 12, 1981. Defendant Lillian Beverly appeals, contending that the Mississippi judgment was rendered without the chancery court’s obtaining personal jurisdiction over her.
Lillian B. Jones, a resident of Mississippi, died on July 1, 1981. The plaintiff in our present action, Ms. Owens, petitioned for the probate of a purported will of Lillian B. Jones in the chancery court on July 10, 1981. This will had been executed in March of 1978, and named Ms. Owens, Lillian Beverly, and Gladys B. Wallace, as beneficiaries. The petition also alleged that Lillian Beverly had wrongfully removed assets from the decedent’s estate, and requested the court to issue process to Lillian Beverly to have her account for the removed items and monies. Lawful process was issued to Lillian Beverly on this petition.
Shortly thereafter, Lillian Beverly and codefendant Alberta Carlton contested the probate of that will by filing a “caveat against probate” under Miss. Code Ann. (1972), § 91-7-21, and they also petitioned for the probate of a later will, purportedly executed by Lillian B. Jones in June 1981. This later will named Lillian Beverly as sole beneficiary.
On August 18,1981, the Mississippi chancery court held a hearing on the petitions. All of the interested parties participated in the hearing. Afterwards, the chancery court ruled that the June 1981 will offered by defendant Lillian Beverly was invalid because it had been procured by Lillian Beverly’s undue influence upon Ms. Jones.
On the following day, Doris B. Owens filed a “Declaration for Damages and Injunction” in the chancery court, seeking an order compelling the present defendants to return any property taken from the estate, an injunction prohibiting them from removing any other property from the estate, and a monetary award for the estate for the damages caused by these defendants’ actions. Defendant Lillian Beverly contends that she was never served with process concerning the “Declaration”; she never appeared or filed any response thereto. On November 10, 1981, the chancery court held a hearing on the “Declaration,” and it granted the relief requested. The sum of $92,126.12 was awarded to the estate, that figure representing the money taken from the estate by the defendants, attorney fees for the estate, and court costs. The chancery court’s order expressly stated that it “found and was convinced that it had complete jurisdiction of all parties involved in the matter” and that “it had authority and jurisdiction to grant the relief prayed for by the complainant.”
On December 4, 1981, the plaintiff filed this action in the Jefferson County Circuit Court to have full faith and credit afforded the Mississippi judgment in order to get an Alabama judgment that she could execute on in this state. On March 25, 1985, the plaintiff’s motion for summary judgment against Lillian Beverly was granted, and Lillian Beverly appeals therefrom. For a complete rendition of the facts of this case, see Carlton v. Owens, 443 So.2d 1227 (Ala.1983), in which this Court held that full faith and credit is due the same Mississippi judgment as it relates to two other defendants. The action against the fourth defendant, Mamie Beverly, is apparently still pending in the court below.
A judgment of a foreign state having jurisdiction over a case and the parties is entitled to full faith and credit in Alabama courts pursuant to U.S. Const. Art. IV, § 1. Republic Nat. Bank of Dallas v. Howell, 456 So.2d 58, 59 (Ala.1984), quoting Morse v. Morse, 394 So.2d 950, 951 (Ala.1981). However, a judgment rendered by a foreign court acting without jurisdiction is not entitled to full faith and credit from this state. Wheeler v. Simmons, 281 Ala. 606, 206 So.2d 854 (1968).
In the present case, it is uncontradicted that the Mississippi chancery court was vested with personal jurisdiction over defendant Lillian Beverly when it ruled on the petitions regarding the probate of Lilli *67 an B. Jones’s will. Ms. Beverly had been served with process regarding the first petition to probate, had filed an “answer” to that petition in the form of a “caveat to probate,” had filed her own petition to probate a different will, and had been present and represented at the hearing. Jurisdiction over Ms. Beverly was not disputed at that time.
The proceeding on the “Declaration,” which was filed the day after the hearing on the petitions, was merely a continuation of the case. This fact is illustrated by the pleadings and order regarding the “Declaration,” which carry the same case number as the pleadings and order regarding the petitions to probate. By statute, the Mississippi chancery court in which a will has been offered for probate has jurisdiction over all aspects of the case, whether legal or equitable. Miss. Code Ann. (1972) § 9-5-83; Cain v. Dunn, 241 So.2d 650, 651 (Miss.1970). The proceeding on the “Declaration” was merely an effort by the plaintiff to rectify any harm done to the estate by the defendants’ actions taken pursuant to the will offered by Lillian B. Jones, which was held to be invalid. “If a state obtains judicial jurisdiction over a party to an action, the jurisdiction continues throughout all subsequent proceedings which arise out of the original cause of action.” Restatement (Second) of Conflict of Laws § 26 (1971). Therefore, there was no need for additional service of process to be issued; jurisidction over Lillian Beverly was already perfected.
This case is very similar to the case of Shearer v. Parker, 364 Mo. 723, 267 S.W.2d 18 (1954). In Shearer, the defendant had petitioned a Colorado court to be appointed “administrator with the Will annexed of the estate of Sarah A. Parker,” and he thereafter took charge of the property of the estate. Sometime later, a Colorado court, finding that the defendant had fraudulently misused property of the estate, awarded the estate a monetary judgment against the defendant. When suit was filed in Missouri to have full faith and credit given to the Colorado judgment, the defendant contended that he had been a nonresident of Colorado at the time of the judgment, that he had never been served with process, and that he had never appeared in the cause; therefore, he argued, the Colorado court had not had personal jurisdiction over him and could not have issued a valid judgment against him. The Missouri Supreme Court disagreed, holding that the defendant, when he initially submitted himself to the jurisdiction of the Colorado court in regard to the administration of the estate, also submitted himself to jurisdiction over all subsequent related proceedings. The court went on to state as follows:
“The [later proceeding], which resulted in that court in the instant judgment against Charles H. Parker, was not a new action in any sense, but was merely a continuation of the administration proceedings therein in the Sarah A. Parker estate. At the time the proceedings were begun in the Colorado court, which resulted in the instant judgment against Charles H. Parker, the Colorado court had never lost its original jurisdiction of him and he was then in his person subject to its jurisdiction, so that additional service upon him was not necessary to vest that court with the jurisdiction it already possessed over his person. The jurisdiction of the Colorado court over the person of Charles H. Parker was a continuing jurisdiction.
“The Colorado court, possessing jurisdiction of the administration of the estate and having continuing jurisdiction of the person of Parker, such jurisdiction of both subject matter and person continued throughout all subsequent proceedings looking to the collection of the assets. It therefore had jurisdiction to ... determine the amount due from Parker and render judgment in favor of the successor administrator and against Parker for the amount it found to be due the Sarah A. Parker estate.”
Shearer, 364 Mo. at 730, 267 S.W.2d at 22-23. We believe that the logic of Shearer applies equally well to the case at hand. *68 Because Lillian Beverly was already subject to the jurisdiction of the Mississippi court, there was no need for additional service of process to obtain jurisdiction over Ms. Beverly for purposes of ruling on the “Declaration.”
Having established that the Mississippi court possessed jurisdiction over Ms. Beverly for the “Declaration” proceeding, we must determine whether the failure of Ms. Beverly to receive notice of the hearing on the “Declaration” would void the judgment. This was the precise issue decided in Carlton v. Owens, supra, involving two other defendants in the present case. There, we held that the failure to receive notice rendered the judgment voidable, not void. The only remedy available to a defendant subject to a voidable judgment is a direct appeal from that judgment, not a collateral attack in another state. Carlton v. Owens, supra. If Ms. Beverly wished ro base an attack on the lack of notice of the hearing, she should have done so by direct appeal in Mississippi. Because she did not do so, that judgment is entitled to full faith and credit from this state. Carlton v. Owens, 443 So.2d at 1231. Therefore, we affirm the summary judgment.
AFFIRMED.
MADDOX, ALMON, BEATTY and HOUSTON, JJ., concur.