206 So.2d 854

**F. W. Bert WHEELER**

v.

**Ira B. SIMMONS, Jr.**

**1 Div. 408.**

Supreme Court of Alabama.

Jan. 18, 1968.

Caffey, Gallalee, Edington & Loveless and I. David Cherniak, Mobile, for appellant.

Inge, McMillan & Inge, Mobile, for appellee.

PER CURIAM.

Appellant filed suit in the Circuit Court of Mobile County to recover on a judgment, for a monied demand, that he obtained against appellee in the District Court of Harris County, Texas. The trial court in Mobile County gave affirmative instructions with hypothesis for defendant (appellee) at his request. The jury responded for the defendant.

There was a labyrinth of repetitious and obfuscatory pleading which unnecessarily tended to burden the real issue created by pertinent pleading. We have examined the entire record with much care and diligence in response to the argued assignments of error. We will not burden this opinion by trying to clarify the confused pleading. Suffice it to say that the evidence was addressed to the complaint and Pleas 9 and 10 upon which issue was joined. The former plea asserted that defendant (appellee) "was not a resident of Texas and did not appear in said suit at any time and in any manner, and was not served with process therein." Plea 10 asserted nul tiel record.

Appellant submitted adequate proof that he obtained the judgment sued on against appellee in Harris County, Texas; that the service on defendant was obtained by publication pursuant to a Texas statute. No personal service was obtained on defendant, who did not appear in the suit, but was represented by a guardian ad litem appointed by the trial court pursuant to a statute, all without authority or knowledge of defendant.

Defendant testified that he had left the State of Texas and had gone to Baton Rouge, Louisiana, before suit was filed; that he went from Baton Rouge to New Orleans, where he registered as a voter in the State of Louisiana; thence he went to Mobile, Alabama, and later from there to Kentucky, where he lived pending the suit in Mobile. He further testified that after he left Texas for Baton Rouge he never again lived in Texas, although he visited his mother there on occasions; that he sent for his mother and brought her to Mobile. He also testified that he had no actual notice or knowledge of the suit in Texas against him. The record is devoid of any evidence that contradicted or challenged the testimony of the defendant.

While there are some cases decided by the Supreme Court of the United States which factually deviate from the bedrock case of Pennoyer v. Neff, 5 Otto 714, 95 U.S. 714, 24 L.Ed. 565, pertaining to the jurisdiction of a non-resident defendant for the purpose of rendering judgment in personam, we do not think any of the pronouncements in those cases overturn or repudiate the pronouncements in the Pennoyer Case. The instant case does not have facts that coincide with those deviational cases. Therefore, they are not authority for this court to depart from the pronouncements in the Pennoyer Case.

As was said in the Pennoyer Case:

"The question here respects only the validity of a money judgment rendered in one State, in an action upon a simple contract against the resident of another without service of process upon him, or his appearance therein."

We held in Louisville & N. R. Co. v. Nash, 118 Ala. 477, 23 So. 825, 41 L.R.A. 331, as follows:

" * * * if the nonresident has no property within the state, and there has been no personal service on him within the state, or voluntary appearance by him, there is nothing upon which its tribunals

can adjudicate; and any judgment rendered under such circumstances, whether affecting the person only, or the property also, would be void for want of jurisdiction of the person and of the subject matter. (Citing cases and Pennoyer v. Neff, supra) It was held in Pennoyer v. Neff, supra, that, in a suit on a money demand against a nonresident substituted service of process by publication is effectual only where, in connection with process against the person for the commencement of the action, property within the state is brought under the control of the court, and subjected to its disposition by process adapted to that purpose, or where the judgment is sought as a means of reaching said property, or affecting some interest therein; and that a judgment by default against a nonresident upon such service only, no property of defendant within the state having been seized prior to the rendition of the judgment, was without due process of law, and void; and the title of defendant to property within the state sold under execution issued on such judgment was not divested by such sale, notwithstanding the statutes of the state of suit authorized service in this manner upon a nonresident, and attempted to protect the title of a purchaser in good faith of property sold under execution issued on such judgment. In the opinion by Mr. Justice Field it is said: 'No state can exercise direct jurisdiction and authority over persons or property without its territory. The several states are of equal dignity and authority, and the independence of one implies the exclusion of power from all others. And so it has been laid down by jurists as an elementary principle, that the laws of one state have no operation outside of its territory, except so far as is allowed by comity; and that no tribunal established by it can extend its process beyond that territory so as to subject either persons or property to its decisions. "And any exertion of authority of this sort beyond this limit," says Story, "is a mere nullity, and incapable of binding such persons or property in any other tribunal." ' * * *" (118 Ala. 484–485, 23 So. 827)

There is no mandate in the Constitution of the United States, Article IV, Section 1 notwithstanding, that under the instant circumstances we give full faith and credit to the Texas judgment here under consideration. This is true even though the doctrine in the Pennoyer Case, supra, has been expanded by certain decisions of the Supreme Court of the United States to meet certain factual situations not here obtaining.

We do not think the trial court at Mobile committed error in instructing the jury, at the instance of defendant, "if you believe all the evidence in this case, you must find in favor of the defendant." The jury responded to such instructions with a verdict for defendant.

If there was any error of the trial court in ruling on the pleading, it was error without injury and subject to Rule 45, Title 7, Appendix, Code 1940. The case was fairly tried on the issue of nonresidence of defendant when suit was filed and judgment obtained, even though there was a plurality of unnecessary pleading in reaching this issue.

We are of the opinion that the judgment of the trial court here under review should be affirmed. It is so ordered.

The foregoing opinion was prepared by BOWEN W. SIMMONS, Supernumerary Circuit Judge, and was adopted by the Court as its opinion.

Affirmed.

LAWSON, GOODWYN, COLEMAN and HARWOOD, JJ., concur.