I respectfully dissent.
I disagree with the view that the matter of jurisdiction of the Nevada court raised in the motion to dismiss may only be addressed by answer as an affirmative defense.
Though couched in general terms as one of jurisdiction, the issue presented by the motion and specifically defined therein and at the hearing, was the validity of the Nevada judgment for lack of personal jurisdiction of the defendant. The subject of the action in this case is the Nevada judgment. The motion therefore is one to dismiss for lack of subject matter jurisdiction under Rule 12 (b)(1), A.R.Civ.P. As stated in C. Wright A. Miller, Federal Practice and Procedure § 1350 (West 1969): "Because of the importance of the Rule 12 (b)(1) defense, courts should treat an improperly identified motion that actually challenges the court's authority or competence to hear the action as if it properly raised the jurisdictional point."
Our courts, since the decision in Pennoyer v. Neff,95 U.S. 714, 24 L.Ed. 565 (1878), have held a foreign judgment rendered without jurisdiction of either person or property is void and incapable of enforcement in the courts of this state. Wheelerv. Simmons, 281 Ala. 606, 206 So.2d 854 (1968). A court may inquire into the basis of its subject matter jurisdiction at any stage of the trial. Menchaca v. Chrysler Credit Corp.,613 F.2d 507 (5th Cir. 1980). Herein involved is a factual attack on the court's subject matter jurisdiction, and matters outside the pleadings may be considered. Id. "Moreover, a `factual attack' under Rule 12 (b)(1) may occur at any stage of the proceedings, and plaintiff bears the burden of proof that jurisdiction does in fact exist." Id. at 511. An evidentiary hearing may be required on the motion. Oxaca v. Roscoe,641 F.2d 386 (5th Cir. 1981).
Judicial economy requires that the court's jurisdiction be treated as a threshold determination. If the allegations of the complaint do not survive a jurisdictional attack, there is no jurisdiction to consider any other matters. Menchaca, supra.
The majority position forces a defendant to defend himself through an entire trial against an invalid judgment.
It should be pointed out that, as in Menchaca, the plaintiff had every opportunity to convince the court that the previous judgment was valid. The last amendment, with exhibits, to the motion to dismiss was filed and set for hearing more than one and one-half months before it was heard. The issue of the jurisdiction of the Nevada court to render the judgment sued on was first raised by amendment to the original motion to dismiss filed more than ninety days before the hearing of the motion. Plaintiff, though appearing, cross-examining defendant and arguing, presented no evidence or testimony at the hearing. The record reveals no objection to the procedure of hearing the motion. Counsel for plaintiff recognized by statement at the hearing that the jurisdiction of the Nevada court was the issue before the court. There has been no issue of the correctness of the procedure raised on appeal. This court has raised it ex mero motu. The effect of the decision of the majority not only ignores the waiver of procedural incorrectness — if any, but it returns us to requirement of procedural technicality which the rules are stated to have removed. I can see no valid reason for causing this defendant the further expense of again challenging the Nevada court's lack of jurisdiction.
The majority relies on the authority of Sims v. Lewis,374 So.2d 298 (Ala. 1979). I believe that reliance to be misplaced. There are distinct differences between Sims and this case. The primary difference is that the motion to dismiss, which was determined on appeal to be a 12 (b)(6) motion converted to a motion for summary judgment, was not filed until after an answer and a motion for summary judgment. The defenses subsequently attempted to be raised by the 12 (b)(6) motion were those of statute of limitations and laches, both affirmative *Page 102 
defenses subject to waiver if not raised by answer. The second difference in Sims is the fact that the motion there was under 12 (b)(6) and the matters raised were not evident on the face of the complaint. The motion in this case, as amended and heard, was a 12 (b)(1) challenging the validity of the subject of the action — the foreign judgment. Such challenge — contrary to an affirmative defense — places the burden of establishing jurisdiction upon the plaintiff rather than the movant. Menchaca, supra.
I reiterate that the decision of the majority is a long step along the path of returning to strict rules of pleading.
I would affirm the trial court.